The State of Ohio, Appellant, v. Davis, Appellee

[Cite as State v. Davis (1975), 44 Ohio App. 2d 95.]

(Nos. C-74310 and C-74311—Decided May 7, 1975.)

*Mr. Simon L. Leis, Jr.,* and *Mr. Leonard Kirschner,* for appellant.

*Mr. Ben Carter,* for appellee.

Palmer, J. This cause came on to be heard upon the appeal, the transcript of the docket, journal entries, and original papers from the Court of Common Pleas of Hamilton County; the assignments of error; and the brief and oral argument of the appellant—the appellee not responding.

The defendant, the appellee herein, was arrested on a charge of aggravated robbery on February 14, 1974, to be subsequently indicted on March 29 and arraigned on April 2. He meanwhile retained private legal counsel who appeared before the trial court on April 29, at what apparently was a pre-trial conference, and there agreed on

behalf of the defendant to a May 30 trial date on the charge of aggravated robbery. The defendant, at all times relevant to this appeal, was unable to make bond and was incarcerated. On the date set for trial, the defendant's counsel moved for dismissal predicated upon the failure of the state to bring the defendant to trial within the time required by R. C. 2945.71, ninety days after the arrest. Defendant's counsel also indicated to the court that in the event the court overruled his motion, he would not be ready for trial on the instant day inasmuch as his alibi defense required additional time to locate missing witnesses. The trial court, after submitting the matter, granted the motion and entered judgment dismissing the indictment against the defendant, stating in its corrected entry of dismissal:

"The Court finds that it has no discretion in this matter and that under the provisions of Ohio Revised Code 2945.73 it is required by law to discharge the defendant in these proceedings and that there is no discretion on the Court's part in these matters."

The state thereafter timely filed its notice of appeal from this judgment and, contemporaneously, its motion for leave to appeal. This court granted leave to appeal and ordered the appeals consolidated. The state presents two assignments of error addressed to the merits of the trial court's judgment, and a third raising technical matters subsumed in the action taken herein and unnecessary to further discuss. The two merit arguments, reduced to their essentials, urge error in granting the motion to dismiss under R. C. 2945.73, where defendant's own counsel voluntarily agreed to a trial date beyond the ninety day period from the date of arrest, and where the court decided that it had no discretion to continue the matter beyond the ninety day period. We agree that the judgment of the trial court was in error, and that its stringent view of the mandate of R. C. 2945.71 et seq. cannot be supported.

### I.

The first requirement in reviewing this problem, it seems to us, is to understand clearly the relationship between the constitutional mandate for a speedy trial and

the Ohio statute which implements it, and to thereby appreciate the limits of the question raised in this appeal. Thus, the majority of this court does not view the case before us as presenting a viable argument that there has occurred, on these facts, a deprivation of the right to a speedy trial based on the broad definition of that right in the United States and Ohio Constitutions, except in the limited sense that R. C. 2945.71 et seq. attempt to implement and codify the right by setting out specific temporal requirements as to criminal trial procedure. We do not understand that either the general law of the land, as it has been expressed in Sixth Amendment cases, or the Ohio statutes themselves, would view the specific time limitations set out in R. C. 2945.71 as finally and immutably definitive of the Sixth Amendment generalization of the right to a speedy trial. We think this conclusion follows from a review of recent United States Supreme Court decisions, beginning with *Barker* v. *Wingo* (1972), 407 U. S. 514, a case where the petitioner was not brought to trial on a murder charge for more than five years after his arrest because of a series of continuances secured by the prosecutor, which were not objected to by the petitioner for $3\frac{1}{2}$ years. After petitioner finally objected, a further delay of $1\frac{1}{2}$ years intervened before trial and conviction. Rejecting any inflexible rule measuring the right to a speedy trial, the Supreme Court adopted an ''ad hoc balancing'' test, in which the conduct of the parties is measured against such factors as the length and reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Applied against the facts of the case, the court found no constitutional infringement of the Sixth Amendment right. Additional qualifications of this balancing test were provided in *Moore* v. *Arizona* (1973), 414 U. S. 25, where an affirmative showing of prejudice by the accused, one of the facts to be considered, was held not essential.[1]

[1]See also *Alo* v. *United States* (1973), 414 U. S. 919 and *Strunk* v. *United States* (1973), 412 U. S. 434, the latter holding that where the Sixth Amendment is, in fact, shown to be violated, dismissal of charges is the sole tolerable remedy.

Several principles pertinent to the instant inquiry may be abstracted from the *Barker* decision. The Supreme Court pointed out that the right to a speedy trial generally differs from other more specific and fundamental rights of accused persons enshrined in the Constitution. In addition to being "more vague" (407 U. S. at 521) and "slippery" (*id.* at 522) than, say, the right to counsel or to a jury trial, or to freedom from self-incrimination, it requires the substantially more drastic remedy of dismissal of charges against the accused. In addition, the Supreme Court justly observed that there are many occasions, and perhaps *most* occasions, in which delay works to the *advantage* of the accused (*id.* at 521). For these and other reasons, the Supreme Court has rejected the idea of quantifying the speedy trial right into a specified number of days or months, although recognizing the rights of states to prescribe reasonable periods consistent with constitutional standards. Similarly rejected is the "demand-waiver" approach automatically limiting the right to cases where the accused *demands* a speedy trial; rather, the presence or absence of demand is relegated to one of the "factors" to be considered in arriving at a balanced determination. But, in any event, states the court:

"We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine, the demand rule aside." *Id.* at 529.

An additional factor in the balancing test has been suggested by one authority, which although not expressly articulated in the *Barker* decision, is clearly consistent therewith:

"* * * [T]he test for when a trial is too long delayed by (sic) Sixth Amendment purposes is one thing when a defendant is asking for a trial. There they will be very brief indeed and he may have a right to a very quick trial. * * * It will be somewhat longer when what he is asking for is the right to have the charges dismissed without prejudice, *and it might be quite long indeed before he is entitled to dismissal of the charges with prejudice.*" (Emphasis added.)

[2]Amsterdam, *A Selective Survey of Supreme Court Decisions in Criminal Law and Procedure*, 9 Crim. L. Bull. 389, 403 (1973).

The justice of this comment becomes apparent when applied to the instant case, where the defendant moved for the dismissal of all charges against him because of the state's failure to bring him to trial within ninety days, but announced at the same time that if his motion were overruled, *he would not be ready for trial but would require a continuance to prepare his defense.* Under such circumstances, where prejudice to the accused is wholly absent and the other negative factors in the *Barker* test either absent or minimal, the existence of any serious Sixth Amendment argument is inconceivable.

## II.

The question remains, nevertheless, whether the defendant was entitled to a dismissal of the charge, even though his Sixth Amendment right to a speedy trial was not violated, where under the circumstances of this case he was not brought to trial within ninety days from the date of his arrest, as is arguably inflexibly required under R. C. 2945.71. For while it is clear that the states may not *extend* the mandate of the Sixth Amendment beyond the time contemplated therein, *Klopfer* v. *North Carolina* (1967), 386 U. S. 213, they are free "to prescribe a *reasonable* period consistent with constitutional standards." *Barker* v. *Wingo, supra* at 523 (emphasis added). These would include, obviously, periods which would substantially reduce what would otherwise be held proper under the Sixth Amendment. The instant case might well serve as an example of such reduction.

The dispositive question here, therefore, is whether the Ohio statutes were properly construed as mandating the defendant's dismissal. We hold that they were not, and that the trial court erred in entering the judgment of dismissal.

R. C. 2945.72 provides, in pertinent part:

"The time within which an accused must be brought to trial, or, in the case of a felony, to preliminary hearing and trial, may be extended only by the following * * * (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

As relevant to the instant factual situation, the statute thus provides two instances[8] where the stringent limitations of R. C. 2945.71 may be both waived and subjected to the discretion of the trial court: (1) where time is extended on the accused's "own motion" or (2) other "reasonable continuance" where accused's consent is immaterial. Applied to the judgment appealed from here, it is immediately apparent that the conclusion of the trial court that it "has no discretion in this matter" is faulty, and would be faulty even if it were determined that the time was not extended as a result of the first exception, i. e., as a result of the accused's own motion. Thus, we take it that if the May 30th trial date had been selected, for example, because of a missing witness,[4] or because it was the first open date for which the judge or courtroom was available for trial,[5] the continuance might well have been held to have been "reasonable" on those grounds alone. Clearly, the trial court was not, as it thought, precluded from considering these or other factors in determining whether the continuance to May 30th, roughly two weeks beyond the ninety day limit, was reasonable under the circumstances. The case was not therefore necessarily subject to dismissal for delay under R. C. 2945.73.

However, while the trial court misconceived the extent of its discretion in granting a continuance, or an original trial setting, on its own motion, it is unnecessary to remand the matter on that basis for a determination of the reasons for the setting,[6] since we deem the *other* issue under

---

[8]Although connected with the conjunctive "and," it is obvious that the two clauses are disjunctively intended as separate and distinct grounds for a continuance beyond the statutory period.

[4]*Barker* v. *Wingo, supra* at 531.

[5]The validity of this particular reason as grounds for delay would appear strengthened by Superintendence Rule 4, viz., that cases be assigned to a judge immediately upon arraignment of the accused, and that thereafter "all preliminary matters, including requests for continuances, *must* be submitted for disposition to the judge to whom the case has been assigned * * *." (Emphasis added.)

[6]It seems clear that the record in such instance must contain some showing of the basis of the continuance so that its "reasonableness" may be determined. *City of Cincinnati* v. *Williams*, unreported, No. C-74265,

R. C. 2945.72(H), where a continuance is secured on the defendant's own motion, to be dispositive of the issue in this appeal. Here, as previously discussed, the continuance to May 30th was *arguably* proper if the court had found the existence of certain of the factors previously mentioned which made the continuance a reasonable one, but it was *clearly* proper if the continuance may be said to have been on the accused's own motion. Under these conditions, the motion to dismiss should have been overruled without more, and without the necessity for the inquiry required under the first exception into the reasonableness of the trial date setting. We are persuaded that such, indeed, was the case.

The trial court found, in its corrected entry of dismissal, and without objection or exception by the defendant, that:

"3. Privately retained legal counsel on April 29, 1974, which period was within the ninety day provision for the trial required by the statute agreed to a trial date of this matter which trial was commenced on May 30, 1974."

While the record does not disclose at whose initiative the trial date was fixed, we take it that the statute ought not to be so literally read that subsection (H) of R. C. 2945.72 is held to require a motion to be drafted, initiated, and/or presented by the defendant himself before it may be said to be his "own motion." We think it is clear and accordingly hold that a motion to fix or to continue a trial date beyond the ninety day period may become the accused's own motion within the meaning of R. C. 2945.72 (H), by adoption or agreement as well as by initiation.

Finally, it has been suggested that the motion to continue or, as in our case, the agreement to fix the trial date, is required to be made, or at least affirmatively consented to, by the accused *personally* because the matter is of such

Court of Appeals for the First District, April 21, 1973. While the agreement as to the May 30 trial date was not a continuance per se because no prior date had been set, we are unable to perceive any operable difference between an agreement to an original setting and a continuance. In either case, it seems to us that where the setting is beyond the statutory time limit, the record must show the reason for the delay. Sup. R. 14.

constitutional magnitude that the agreement of the defendant's own counsel is ineffective to waive the statutory time limitation. We find ourselves unable to agree with this argument for three reasons. First, we do not believe, for the reasons set forth in Part I of this decision, that the question presents an otherwise unmanageable Sixth Amendment or other constitutional rights problem of the order of those rights which by their nature have been held to preclude action, consent, or waiver by proxy, such as an entry of a plea of guilty, a waiver of trial by jury, an appearance at sentencing, etc. Secondly, we find that where such undelegable rights of the accused *are* involved, the Rules of Criminal Procedure meticulously accord them recognition by carefully and explicitly requiring action by the accused personally, while in other instances (including the present example) the words "accused" or "defendant" are used without such qualification, either generically or with the phrase "of counsel" conjoined, to indicate action, consent or waiver in the customary course by either the individual or his attorney.[7] Lastly, where, as here, indulgence in such considerations is not precluded by some more critical consideration, we find that we disapprove of what we perceive to be some tendency to detract from the dignity and importance of the attorney in his joint role as an officer of the court and the advocate of his client in assisting the

---

[7]E. g., the trial court is required to "[address] the defendant *personally*" on advising him of the effect of his guilty or no contest pleas in felony cases. Crim. R. 11(C)(2) (emphasis added). No admission made by the defendant or his attorney at a pretrial conference may be used against the defendant unless reduced to writing and signed by "the *defendant* and his attorney." Crim. R. 17.1 (emphasis added). The court must "address the defendant personally" before imposing sentence to advise him of his right to present matters in mitigation. Crim. R. 32 (A)(1) (emphasis added). The *"defendant shall* be present" at a revocation of probation hearing. Crim. R. 32.3(A) (emphasis added). See also Crim. R. 5, 10(B), 11(A) and (D), 15(C), 22, 23, 24(A), 32.2(C), 43, 44(C), 49; R. C. 2929.03(D), 2941.07, 2947.25(D), 2967.04. Note particularly Sup. R. 14: "No party shall be granted a continuance of a trial or hearing without a written statement from movant's *counsel*, stating the reason for the continuance * * *." (Emphasis added.)

orderly and proper dispatch of judicial proceedings. We have difficulty conceiving it to be either in the public interest or as enhancing the individual's procedural or substantive rights by defining due process of law without regard to or by diminishing the vital role played by the attorney at law.

For the foregoing reasons, we find the assignments of error well taken and grant the same. The judgment of the Court of Common Pleas of Hamilton County is accordingly reversed,[8] and the matter is remanded to the trial court for further proceedings according to this decision and law.

SHANNON, P. J., concurs.

KEEFE, J., concurring in the judgment only. Commenting first upon Assignment of Error 3, I agree with the majority that the trial court erred in deciding "that there is no discretion on the court's part in these matters." My conception of the intendment of the following language in R. C. 2945.72(H) is to vest trial courts with discretion, consistent with reasonableness, as the statute demands:

"The time within which an accused must be brought to

---

[8]*Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65. See *State* v. *Hughes* (1975), 41 Ohio St. 2d 208; *State* v. *Brenneman* (1973), 36 Ohio St. 2d 45; *State* v. *Collins* (1970), 24 Ohio St. 2d 107; *State* v. *Jones,* unreported, No. C-74061, Court of Appeals for the first district, March 31, 1975. We take it that the qualification of *Heaton* found in *State* v. *Collins, supra,* is inapposite to the instant appeal where the defendant's motion to dismiss the indictment under Crim. R. 12(A) and R. C. 2945.73 is clearly the equivalent of the now abolished motion to quash. *See* prior R. C. 2941.54. As the *Collins* court stated in distinguishing the various exceptions listed in R. C. 2954.70 from a motion to suppress: "In none of those instances is proof necessary for acquittal or conviction directly affected by the outcome." 24 Ohio St. 2d at 112. Neither is it here. Thus, we hold that a motion to discharge for delay in trial under R. C. 2945.73 (a motion to dismiss under Crim. R. 12(A)), inasmuch as it performs the function of the now abolished motion to quash, is one of those instances where, under R. C. 2945.70, this court may reverse the judgment below in an appeal by leave prosecuted by the state.

trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following * * *

"(H) The period of any continuance granted on the accused's own motion, *and the period of any reasonable continuance granted other than upon the accused's own motion.*" (Emphasis added.)

What is reasonable must bear a direct relationship to the facts in each case. In view of the obvious intent of the legislature to have criminal charges disposed of with dispatch, thus serving the interests of the state and the rights of the defendant, the time extension which a trial court can grant under R. C. 2945.72 (H) generally would consist of a few days continuance, possibly several weeks,[9] but probably never months. The language and spirit of R. C. 2945.71, 72 and 73 speak eloquently of the legislature's intent, so far as (H) is concerned, simply to provide for a reasonable continuance as an escape or relief valve from contingencies such as excessive case loads, no courtroom being available or the temporary incapacity of the court. However, that portion of (H) which grants judicial discretion as to continuances is not an invitation to indiscriminate postponements.

Whenever a court upon its own motion orders a reasonable continuance, under (H), the basis for such action must affirmatively appear in the record. The reason or reasons cited in the record must always satisfy the concept of "reasonableness." Consequently, I agree with the decision to remand this case to the court of common pleas. It should proceed with a hearing incident to a discretionary determination whether or not the complete factual situation confronting it in this case justifies a reasonable extention of the trial date beyond 90 days.

The other assignment of error to which I desire to direct evaluation is No. 2. It reads:

"The Court of Common Pleas of Hamilton County, Ohio, committed error when privately retained legal *counsel agreed* to a trial date beyond the 90 day period from

---

[9]Webster defines "several" as "more than two but fewer than many."

the date of arrest and thereafter held that this agreement as to the trial date was not binding upon the defendant and did not waive his statutory right to be tried within a period of 90 days from the date of his arrest." (Emphasis added.)

My brothers come to the conclusion that this assignment is well taken and that counsel's agreement to a trial date beyond the 90 day period is effective without any showing of the participation by the defendant himself in such continuance. I disagree. My conclusion would be that counsel's agreement in this case was not binding on defendant and the assignment should be held meritless.

The record establishes no affirmative selection of the delayed trial date either by defendant or his counsel. There is an ambiguity about who chose the May 30, 1974 date. There is no indication that the defendant was present when it was selected. In fact the clear implication from the record is that the prosecuting attorney and defense counsel were there, but *defendant was not.* Defense counsel maintained consistently that he merely "accepted" May 30, suggesting at most acquiesence. Neither defendant nor his counsel made a "motion" for a continuance.

Whether mere acquiesence in a trial setting can fairly be equated with a motion, as required by the first part of R. C. 2945.72 (H), seems highly questionable. Assuming for the sake of argument only that defense counsel's acceptance of a trial date did amount to a motion brings us then to a determination of whether counsel under the instant facts, as a proxy, had authority to agree to a trial date beyond the 90 days mandated in R. C. 2945.71.

The defendant has a constitutional right to a speedy trial, guaranteed both by the federal and state constitutions. *Klopfer* v. *North Carolina* (1967), 386 U. S. 213. In Ohio, the new criminal code, effective January 1, 1974, establishes a definite authoritative time schedule according to which those accused of crime must be tried. In Ohio now, generally speaking, a speedy trial does not depend on circumstances and is no longer a relative concept unless the statutory exceptions in R. C. 2945.72 apply.

Is the right to a speedy trial within the criminal code's present requirements therefore a substantial one? In *Klopfer, supra,* the United States Supreme Court describes the sacredness of the right in these words:

"The history of the right to a speedy trial and its reception in this country clearly establish that it is one of the *most basic rights* preserved by our Constitution. 386 U. S. at 226." (Emphasis added.)

My colleagues have concluded that the agreement to fix the trial date beyond the 90 day period is not of such constitutional magnitude that defendant's own counsel is ineffective to waive the statutory time limitation. I am obliged to reach a contrary conclusion.

The manifest intendment of R. C. 2945.71 in quantifying into a specific number of days what constitutes a speedy trial in this state compels the conclusive determination that this defendant has a right personally to be present and the opportunity to approve or reject a trial date which exceeds 90 days after arrest. In the factual framework before us, defendant's personal consent was essential, and there is no showing even of his presence.[10] Defendant has a significant stake in a delayed trial setting; that is, his entitlement to be discharged if not tried within time. See R. C. 2945.73. The accused's consent to or acquiesence in any trial delay beyond 90 days (or in other fact situations beyond the limitations prescribed in R. C. 2945.71) cannot be presumed; it must affirmatively appear from the record which here it does not. (It is observed parenthetically that most lawyers not only would prefer, but insist upon the personal consent of an accused who is their client in such matters.)

When a trial setting is *within* the periods established in R. C. 2945.71—not the instant situation—counsel will be presumed, in the absence of a showing to the contrary, to have full authority without the presence of the defendant. Possible discharge for delay is not usually involved in instances of timely settings.

---

[10]There is no attempt here absolutely to determine what amounts to "personal consent" in each case. However, the minimum requirement is the presence of the defendant when a delayed trial date is fixed.

There is no perfect fact parallel between the case at bar and *Brown* v. *State* (1962), 372 P. 2d 785, but it contains similar facts, one of which is the absence of the defendant from certain proceedings incident to his criminal trial. What was said in *Brown* is worthy of note:

"The defendant had not waived his right to be present; in fact he did not know that the hearing was being held. It is true that his attorney was present. But the proceeding that occurred appears to us to have been of such a nature that defendant himself should have been present in person * * *.

"We believe that under the circumstances * * * the appellant's presence was required * * * and that his right to be present was as vital to his defense as his specific constitutional right to be confronted with the witnesses against him." *Id.* at 789.

In *People* v. *Anderson* (1965), 213 N. E. 2d 445, the Court of Appeals of New York held that the unexplained absence of the defendant from the pre-trial hearing on his motion to suppress required reversal of his conviction. Admittedly, the matter before us is not a review of a motion to suppress. However, there is adequate identity between the issues to justify noting the following from the New York decision:

"What is of primary importance after all is the strong social policy in favor of requiring the presence of the defendant.

"In my view the decision below [which affirmed the conviction] * * * is a violation of fundamental fairness." *Id.* at 448.

R. C. 2953.21 *et seq.* provide for a post-conviction determination of constitutional rights including, of course, one's right to a speedy trial. I am convinced that one of the incidental and collateral advantages to denying proxy extensions beyond times required for trial in R. C. 2945.71 will be the avoidance, at least to some extent, of resort by defendants to petitions for post-conviction review of criminal judgments with attendant multiplication of time consuming judicial determinations and especially hearings.