CITY OF BRYAN, APPELLEE, *v.* KNAPP, APPELLANT.

[Cite as Bryan *v.* Knapp (1986), 21 Ohio St. 3d 64.]

(No. 85-285—Decided January 15, 1986.)

*Joseph R. Kiacz,* city attorney, for appellee.

*Gallagher, Milliken & Stelzer* and *J. T. Stelzer,* for appellant.

WRIGHT, J. Crim. R. 12(E) provides: "A motion made before trial other than a motion for change of venue, shall be timely determined before trial. Where factual issues are involved in determining a motion, the court *shall* state its essential findings on the record." (Emphasis added.) In ruling on Knapp's motion for discharge, the trial court on request by the

defendant was required to determine factual issues concerning the reasons for delay of the trial. Crim. R. 12(E) mandates that the court state its essential findings on the record.[1] Without such findings, neither the court of appeals nor this court can properly review the propriety of the trial court's ruling.

A trial court must, upon the defendant's request, state essential findings of fact in support of its denial of a motion to discharge for failure to comply with the speedy trial provisions of R.C. 2945.71. We reverse the judgment of the court of appeals and remand this cause to the trial court for the purpose of stating its essential findings of fact on the record.

*Judgment reversed
and cause remanded.*

HOLMES, C. BROWN and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., SWEENEY and LOCHER, JJ., dissent.

CELEBREZZE, C.J., dissenting. I agree with the majority's observation that Crim. R. 12(E) requires that "[w]here factual issues are involved in determining a motion, the court shall state its *essential findings* on the record." (Emphasis added.) However, I respectfully dissent from the majority's conclusion that the findings and record of the trial court in this case preclude effective review of the ruling on appellant's motion for discharge.

If the trial delay is so long that it is "* * * facially unreasonable and seriously open to question * * * the *attendant facts and circumstances must be included in the record in sufficient detail* so that the necessity and reasonableness of the continuance is demonstrable. * * * For this court to require less is to foreclose effective appellate review * * *." *State* v. *Westworth* (1978), 54 Ohio St. 2d 171, 175 [8 O.O.3d 162].

In my opinion, the instant *record* amply establishes the sequence of events concerning the continuances granted by the trial court. It clearly reveals that a number of the delays were caused by appellant's own requests *and* his failure to appear in court. See *State* v. *Bauer* (1980), 61 Ohio St. 2d 83 [15 O.O.3d 122]; *State* v. *McBreen* (1978), 54 Ohio St. 2d 315, 318 [8 O.O.3d 302].[2] Additionally, the two continuances requested by

---

[1] The city, as appellee, relies on Crim. R. 48(B), which requires the trial court to "* * * state on the record its findings of fact and reasons for the dismissal" only when the court dismisses a case over the state's objection. The fact that Crim. R. 48(B) requires findings in one particular situation does not, however, exempt the court from the obligation to make findings in other situations.

[2] In *State* v. *Bauer, supra,* we held "* * * that a defendant who fails to appear * * * and whose trial must therefore be rescheduled for a later date, waives his right to assert the pro-

the prosecutor were both approved by defense counsel. *State* v. *McRae* (1978), 55 Ohio St. 2d 149 [9 O.O.3d 118]; *State* v. *Davis* (1975), 44 Ohio App. 2d 95, 101 [73 O.O.2d 89].[3]

Although the judge's essential finding that "all" delays were appellant's is not totally correct, that ruling together with the record does provide the basis of the trial court's ruling and also contains sufficient facts concerning the chronology of events *in this case* so that a reviewing court can determine the "necessity and reasonableness" of the continuances.

I would follow the standard set forth in *Wentworth, supra,* and affirm the judgment of the appellate court. Further, although the stated basis of the trial judge's ruling is not entirely accurate, his decision to overrule appellant's motion for discharge is nevertheless correct because the continuances of the trial date were reasonable and proper in this case. See footnotes 2 and 3, *supra.*

SWEENEY and LOCHER, JJ., concur in the foregoing dissenting opinion.

---

visions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." *Id.* at 85. See, also, R.C. 2945.72(D).

Similarly, in *State* v. *McBreen, supra,* we held in the syllabus that "[a] defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent." See, also, *id.* at 318 and R.C. 2945.72(H).

[3] In *State* v. *Davis, supra,* the Court of Appeals for Hamilton County correctly held "* * * that a motion to fix or to continue a trial date beyond the ninety day period may become the accused's own motion within the meaning of R.C. 2945.72(H), by adoption or agreement as well as by initiation." *Id.* at 101, cited with approval and followed in *State* v. *McRae, supra,* at 152-153, and footnote 4 at 153.