OPINION AND JUDGMENT ENTRY
This consolidated appeal comes to us from the Williams County Court of Common Pleas. That court suppressed evidence of appellees' marijuana possession for the reason that it found the state's evidence concerning a traffic stop not to be credible. Because credibility is a matter for the trial court to determine and because the trial court's decision was sufficiently supported by the evidence, we affirm.
On April 22, 1998, three officers of the Ohio State Highway Patrol's traffic and drug interdiction team were on duty in three vehicles near the Bryan-Montpelier exit of the Ohio turnpike. Trooper Laubacher, who was parked in a crossover center median, testified that shortly before midnight, he saw a semi tractor-trailer truck, approximately one thousand feet away, traveling east toward him. He saw another vehicle farther back. As he used a laser device to measure the truck's speed at fifty-seven miles per hour, the trooper noticed a lone headlight behind the truck and in front of the other vehicle. Laubacher concluded that this vehicle was following too closely behind the truck. According to the trooper, the vehicle was one and a half car lengths, or approximately thirty feet, behind the truck.
Laubacher, a member of the drug interdiction team since 1995, was also trained as a technical crash investigator for the Highway Patrol. Based on his mathematical calculations, the trooper testified:
 "in traveling 55 miles an hour, you are traveling eighty feet per second and to take your foot off the accelerator and put it on the brake takes you three quarters of a second. And three-quarters of a second means sixty feet. If the semi were to suddenly stop, the vehicle following the semi would rear end before he could get his foot to the brake."
However, on cross examination, the trooper conceded that the appellees, who occupied the vehicle, were not doing anything unlawful. The trooper, nevertheless, testified that it did not make sense not to pass the truck when there was opportunity to do so.
It took ten to twenty seconds for the vehicles to pass the trooper from the point where he first saw them. As all three vehicles passed, he could see that the driver and passenger in appellees' car were African-American males. Having decided to stop appellees' car, the trooper pulled out and started following it.
The trooper testified that the third vehicle pulled into the passing lane. While following appellees from a distance of under five car lengths, the trooper radioed in to check the Texas license plate of appellees' car. Eventually, appellees' car also pulled into the passing line to pass the truck. But, according to the trooper, it was following the car in front of it too closely.
The trooper stopped appellees' car approximately two miles east of where he had been parked on the median. A drug dog was brought to the scene by another member of the drug interdiction team, who was "a couple miles" away. Appellees were arrested for possession of ten thousand five hundred grams of marijuana.
Appellees moved to suppress, arguing that the trooper did not have probable cause to stop them for "following too close" in violation of R.C. 4511.34. Only Trooper Laubacher testified at the hearing. All parties submitted post-hearing briefs.
The trial court suppressed the evidence, "finding the testimony to be not credible on the issue of the traffic violation alleged to be the reason for the stop ***."
The prosecution now appeals that decision, setting forth the following three assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH OHIO CRIMINAL RULE 12(E) IN GRANTING THE DEFENDANTS' MOTION TO SUPPRESS AS IT FAILED TO STATE THE REQUIRED FINDINGS OF FACT IN IT'S [sic] JUDGMENT ENTRY.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN FINDING THE TESTIMONY TO BE NOT CREDIBLE ON THE ISSUE OF THE TRAFFIC VIOLATION AS THIS FINDING IS ARBITRARY AND UNSUPPORTED BY ANY COMPETENT OR CREDIBLE EVIDENCE.
ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' MOTION TO SUPPRESS AS THE RECORD CLEARLY REVEALS THAT SUFFICIENT ARTICULABLE FACTS EXISTED TO JUSTIFY THE INITIAL STOP OF THE DEFENDANTS [sic] VEHICLE."
Appellant contends that the trial court's one sentence decision gave no findings of facts as required by Crim.R. 12(E). According to appellant, this effectively prevents appellate review. Crim.R. 12(E), entitled "Ruling on Motion", provides in relevant part:
 "The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means.
***
 "Where the factual issues are involved in determining a motion, the court shall state its essential findings on the record."
Numerous cases hold that a defendant must request findings of fact before a court must state its essential findings concerning factual issues when it denies a motion to suppress.State v. Brown (1992), 64 Ohio St.3d 476, 481; State v.Blankenship (1995), 102 Ohio App.3d 534, 557-558. In our view, mutuality requires that the state request findings of fact where the trial court grants a motion to suppress.
Appellant has cited Bryan v. Knapp (1986), 21 Ohio St.3d 64
for the proposition that Crim.R. 12(E) mandates that the trial court state its essential findings on the record. In that case, the defendant requested specific findings of fact in support of its ruling denying his motion for discharge for speedy trial reasons. Id. Here, however, appellant never requested findings of fact. See, also, State v. Waddy (1992), 63 Ohio St.3d 424,443.
In any event, by finding that the testimony of the sole witness was not credible, the trial court had no other factual findings to make regarding the traffic stop which led to the discovery of marijuana. Credibility of witnesses and the weight to be given their testimony are primarily for the trier of fact to determine. See State v. Thomas (1982), 70 Ohio St.2d 79, syllabus. We decline to require a trial court to make factual findings justifying its conclusion that a witness is not credible.
Accordingly, appellant's first assignment of error is found not well-taken.
We will address appellant's second and third assignments of error together. In these assignments of error, appellant challenges whether the trial court's determination was supported by sufficient evidence. In its second assignment of error, appellant contends that no competent, credible evidence supports the trial court's finding that the testimony was not credible. In its third assignment of error, appellant maintains that the trial court erred by finding that the trooper did not have reasonable suspicion to justify stopping appellees' vehicle.
An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence from the suppression hearing. State v. Williams (1993),86 Ohio App.3d 37, 41. Then, the appellate court independently determines, as a matter of law, whether the trial court applied the appropriate legal standard to those facts and whether the trial court arrived at the proper legal conclusion. Id.
As we stated, whether a witness is or is not credible is for the trier of fact to determine. It does not involve a "fact" which must be determined in order to resolve the issue before the court. It is the mind of the trier of fact rather than a reviewing court which must be convinced. State v. Thomas,70 Ohio St. 2d at 80. A reviewing court can evaluate evidence in terms of sufficiency, but it cannot second guess the trial court's determination of credibility. See, generally, id.
Upon review of the entire record of this case, we conclude that the trial court's determination that the trooper lacked reasonable suspicion to stop appellees' vehicle is supported by sufficient evidence. Once the court determined that the state's evidence lacked credibility, it would logically follow that there would be no credible evidence supporting the stop.
Accordingly, appellant's second and third assignments of error are found not well-taken.
The judgment of the Williams County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.