OPINION
Defendant Nick Marinacci appeals a judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, which convicted and sentenced him for operating a motor vehicle with a prohibited blood-alcohol concentration in violation of R.C.4511.19, after appellant changed his plea from not guilty to no contest. The trial court overruled appellant's motion to suppress the evidence gathered at the time of the traffic stop. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
I. THE TRIAL COURT ERRED BY DETERMINING THAT PROBABLE CAUSE EXISTED TO PLACE THE APPELLANT UNDER ARREST FOR OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL AS SUCH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II. GIVEN THE EVIDENCE PRESENTED, THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING THAT THE STATE HAD COMPLIED WITH THE REQUIREMENTS OF O.A.C. 3701.53 IN THE ADMINISTRATION OF THE BREATH TEST TO THE APPELLANT.
At the hearing on the motion to suppress, appellant testified after the trooper had placed him in the back seat of the cruiser and left to speak with appellant's wife, appellant put a half stick of gum into his mouth. The officer, Ohio State Patrol Trooper Cvetan transported appellant to the Highway Patrol Post, where, appellant testified, he swallowed the gum. Appellant further testified five or ten minutes after he had swallowed the gum, he submitted to the breath test. Before giving him the test, the trooper asked appellant if he had anything in his mouth and appellant responded "no" which was true at the time. Trooper Cvetan testified he observed appellant from the time of the stop until he administered the breath test, and did not observe appellant place anything in his mouth. Appellant's wife also testified at the hearing. Appellant's wife had been a passenger in the automobile when Trooper Cvetan stopped appellant. Appellant's wife testified in her opinion her husband had not been impaired on the night in question. Appellant's wife also testified she personally seldom knew when her husband had gum in his mouth because he does not "chew the gum like a cow" although she can sometimes detect the smell of the gum. On cross examination, the prosecutor asked appellant to demonstrate his gum chewing for the court, and appellant reenacted his chewing of a half piece of sugar-free gum for the court. Our review of the record in the docket disclosed no written judgment entry overruling the motion to suppress. The trial court did announce its decision from the bench, and found there was "either literal or substantial compliance with the Administrative Code 3701-53-01." In State v. Karns (July 21, 1997), Fairfield App. No. 97CA0002, unreported, this court found the substantial compliance standard is not applicable to the issue of whether an accused did or did not have something in his or her mouth during the twenty-minute observation. Rather, the question is "a bright line rule", requiring either a yes or no answer. If an accused had his chewing gum in his mouth during the twenty-minute observation period, then there was no compliance with the regulations, Karns at 3, citations deleted. Crim.R. 12 (E) requires a court ruling on a pre-trial motion to state its essential findings on the record if factual issues are involved. In City of Bryan v. Knapp (1986),21 Ohio St.3d 64, the Ohio Supreme Court explained the rationale for the rule as assisting effective judicial review. A trial court reviews the credibility of the witnesses and determines the facts. If the trial court does not make findings of fact, appellate review of the decision is hampered. Because we are unable to tell from the record whether the court believed appellant actually chewed a half piece of gum within the twenty minute observation period, we are unable to determine whether the trial court correctly ruled on the motion to suppress.
For this reason, we vacate the trial court's judgment, and remand it to the trial court to state the essential facts underlying its decision. Given the state of the record, the assignments of error are premature. For the foregoing reasons, the judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Wise, P.J., and Edwards, J., concur