OPINION
Appellant Jenna Vandewalle appeals a judgment of the Fairfield County Municipal Court convicting her of operating a motor vehicle with a prohibited breath-alcohol concentration in violation of R.C.4511.19
(A)(3), following a plea of no contest:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS AS THE POLICE OFFICER DID NOT HAVE REASONABLE SUSPICION OF CRIMINAL ACTIVITY BASED ON ARTICULABLE FACTS TO JUSTIFY AN INVESTIGATIVE STOP.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY OVERRULING THAT PORTION OF HER MOTION WHICH ALLEGED THAT THE OFFICER LACKED PROBABLE CAUSE TO PLACE HER UNDER ARREST FOR OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
Both of appellant's assignments of error are directed to the court's ruling on the motion to suppress. Our review of the record and of the docket discloses no written judgment overruling this motion. The court announced its decision from the bench, finding reasonable suspicion justifying the stop of the vehicle, and probable cause for the arrest. Crim.R. 12 (E) requires a court ruling on a pre-trial motion to state its essential findings on the record if factual issues are involved. The rationale for this rule is to assist appellate review, as the trial court reviews the credibility of the witnesses and determines the facts. Cityof Bryan v. Knapp (1986), 21 Ohio St.3d 64.
In the instant case, while the judge made a statement from the bench at the end of the hearing on the motion to suppress, we are unable to determine the essential findings of fact which the court used to conclude that the officer had a reasonable suspicion of criminal activity to justify the stop of the car, and what facts the court found to support its determination of probable cause to arrest. While the court makes some statements on the record concerning credibility of witnesses, these statements are difficult to decipher from the transcript. Given the state of the record, the assignments of error are premature. See, also,State v. Marinacci (November 3, 1999), Fairfield Appellate No. 99-CA-37, unreported.
The judgment of the Fairfield County Municipal Court is vacated. This case is remanded to that court with instructions to state the essential facts underlying its decision in a written judgment.
By Gwin, P.J., and Wise, J., concur.
Hoffman, J. Dissents.