JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
On May 17, 2003, defendant-appellant Shannon N. Brown was arrested for operating her motor vehicle while under the influence of drugs or alcohol in violation of R.C. 4511.19(A)(1), punishable as a first-degree misdemeanor. On March 22, 2004, she entered a plea of no contest after her motions to suppress the state's evidence and to dismiss for lack of a speedy trial were overruled. The trial court found her guilty and sentenced Brown to ten days in jail, a $500 fine, and a three-year license suspension. In two assignments of error, Brown now contests the trial court's denial of her motion to dismiss for lack of speedy trial.[1]
In her first assignment of error, Brown argues that the trial court erred in failing to dismiss the charge against her because the ninety-day period for the state to bring her to trial had expired well before trial court found her guilty. She argues that the state violated her constitutional and statutory rights because three hundred ten days had elapsed from her arrest until the time she entered her no-contest plea. See R.C. 2945.71 et seq.; see, also, State v. Adams (1989),43 Ohio St.3d 67, 68, 538 N.E.2d 1025. R.C. 2945.71(B)(2) provides that a person charged with a first-degree misdemeanor shall be brought to trial within ninety days after arrest. Because Brown showed that she was not tried within that period, she established a prima facie case of a violation of the speedy-trial statutes.
Her assignment of error is not well taken, however, because the record demonstrates that the finding of guilty fell within the statutory period after her motions for discovery and to suppress the evidence tolled the statutory time. In a written decision, the trial court prepared findings of fact explaining the continuances in the pretrial proceedings. Those findings, in addition to the transcript of the proceedings, show that Brown filed a demand for discovery and a bill of particulars on May 23, 2003. As Brown acknowledged in open court, the ongoing discovery demand tolled the statutory period. See R.C. 2945.72(E).
Similarly, R.C. 2945.72(H) provides that "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted upon other than the accused's own motion" can extend the time within which the state must bring an accused to trial. See Statev. Brewster, 1st Dist. Nos. C-030024 and C-030025, 2004-Ohio-2993, at ¶ 6. Brown filed her motion to suppress on June 4, 2003. As the hearing on the motion was continued several times at Brown's request, and as she moved the trial court to reconsider its initial ruling, the court's ruling denying the motion was not made until March, 2004. The statutory period was tolled during the pendency of this often-continued motion. SeeState v. Wiest, 1st Dist. No. C-030674, 2004-Ohio-2577, at ¶ 23.
While the state's responses to Brown's discovery requests were slow and often resulted in the disclosure of only interim or partial reports and laboratory tests, Brown was not inclined to file a motion to compel discovery. There is no evidence that the state's delays were willful or prejudicial to the defense. See State v. Wamsley (1991),71 Ohio App.3d 607, 594 N.E.2d 1123; State v. Wiest. Because the trial court's journal entries show that the continuances due to Brown's motions and to other reasonable continuances granted by the court were sufficient to toll the time for speedy-trial purposes, the first assignment of error is overruled.
In her second assignment of error, Brown argues that the trial court's one-sentence response to her motion for findings of fact to support the denial of her speedy-trial motion failed to comply with the dictates of Crim.R. 12(F). The rule states, in pertinent part, that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." See, also, Bryan v. Knapp (1986),21 Ohio St.3d 64, 488 N.E.2d 142, syllabus (interpreting former Crim.R. 12[E]).
Compliance with the rule ensures the opportunity for meaningful appellate review of the trial court's ruling. See id. at 65, 488 N.E.2d 142. But where, as here, the trial court provided a lengthy explanation of the sequence of events and calculations of time concerning the continuances in its written decision and in the transcript of the proceedings, the purpose of the rule was amply fulfilled. The trial court's summary statement that Brown "was brought to trial within the time specified under Ohio law" did not so prejudice Brown as to require a reversal of the judgment of conviction. The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] We note that while Brown's arguments on appeal contest the denial of her speedy-trial motion and the judgment entry of conviction, her notice of appeal states that she is appealing from the denial of her motion for a new trial. Generally an appellate court is without jurisdiction to review any judgment or order that is not listed in the notice of appeal. See Thomas v. Price (1999), 133 Ohio App.3d 585, 588,729 N.E.2d 427; see, also, App.R. 3(D). But, as here, when the appellee is not materially misled by the contents of the notice of appeal, any mistake in appealing from an order denying a motion for new trial rather than from the judgment itself is treated as harmless error; the appeal is treated as if it arose from the final judgment. See Maritime Mfrs., Inc.v. Hi-Skipper Marina (1982), 70 Ohio St.2d 257, 260, 436 N.E.2d 1034.