OPINION *Page 2 
{¶ 1} Defendant-appellant Santa Y. Oprandi appeals his conviction and sentence entered in the Perry County Court of Common Pleas on March 27, 2007.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On August 18, 2006, Deputy Lee Hawks of the Perry County Sheriff's Office obtained a search warrant for the premises owned by Appellant Santa Y. Oprandi, located at 7052 St. Rt. 669, Somerset, Clayton Township, Perry County, Ohio.
 {¶ 4} The search warrant was issued by Judge Dean Wilson based upon an affidavit executed by Deputy Hawks. The affidavit was attached to the search warrant as "exhibit A." The search warrant permitted Deputy Hawks and other law enforcement officers to search for two general categories of property.
 {¶ 5} The first category dealt with stolen property and items related to the stolen property. This portion of the search warrant is not now being challenged.
 {¶ 6} The second category dealt with illegal drugs and permitted the officers to search for ". . . items related to the possession or trafficking in illegal drugs, including but not limited to, firearms or others weapons, US currency, papers, documents and records and other controlled substances."
 {¶ 7} The affidavit contained a recitation of an incident involving Appellant at the Columbus Airport in August, 2005. During the airport incident, the US Drug Enforcement Administration seized $8,360.00 in cash from Appellant as she was preparing to use a one way ticket. The cash was seized. *Page 3 
 {¶ 8} Neither Appellant nor anyone else ever attempted to recover the seized cash. It was ultimately forfeited.
 {¶ 9} The affidavit also detailed an incident which occurred at Appellant's residence, the same residence searched pursuant to the search warrant in this case. In October, 2005, while investigating an incident unrelated to illegal drugs, deputies found approximately 16 pounds of marijuana, methamphetamine, drug "cutting" agents, weighing scales, and a handgun within Appellant's residence. A security system was also found at her residence. The system included cameras positioned to view all sides of the house as well as security sensors.
 {¶ 10} Additionally, the affidavit contained the following information: 1) that in July, 2006, the owner of Appellant's property advised a local deputy that Appellant had paid her back rent in cash. The payment amounted to a few thousand dollars in cash and she usually made her payments to him in cash, 2) an informant of a local juvenile probation officer advised the probation officer that an individual had recently purchased methamphetamine from a residence later determined to be that of Appellant, 3) on August 14, 2006, Deputy Gentzel was on the premises and observed what he believed to be electronic surveillance devices mounted on the house, 4) on August 14, 2006, several of the vehicles on the premises could not be identified through State databases and two of the vehicles belonged to two Hispanics from the Columbus area, and 5) that the Central Ohio Drug Enforcement Task Force had current information that Appellant was trafficking large quantities of methamphetamine and was involved in counterfeiting US currency. *Page 4 
 {¶ 11} At the suppression hearing the juvenile probation officer, Sue Ann Primmer, testified that she did not get a specific address or directions for the location where the methamphetamine was being sold. (Tr. at p. 9). However, Deputy Hawks testified that she advised him that the location was on the west end of St. Rt. 669. (Tr. p. 42). Based on other intelligence information he possessed, he determined the location to be Appellant's residence. (Tr. p. 42).
 {¶ 12} Upon executing the search warrant the deputies seized 34.21 grams of crack cocaine, 70.36 and 4.98 grams of cocaine and 87.70 and 5.77 grams of methamphetamine.
 {¶ 13} On August 31, 2006, the Perry County Grand Jury indicted Appellant on one count of Receiving Stolen Property, in violation of R.C. § 2913.51, one count of Possession of Cocaine, in violation of R.C. § 2925.11(A) and (C)(4)(c), one count of Possession of Crack Cocaine, in violation of R.C. § 2925.11(A) and (C)(4)(e), and one count of Aggravated Possession of Drugs, in violation of R.C. § 2925.11(A) and (C)(1)(c).
 {¶ 14} Each drug count contained a gun specification pursuant to R.C. § 2941.141. The Indictment also sought to have the following personal property forfeited pursuant to R.C. § 2925.42(A)(1)(a) and (b):
 {¶ 15} $1,350.00 cash; Ruger-semi automatic pistol — Serial Number 308-48002; SKS Assault Rifle — Serial Number 1814179 with Magazine; 20 Gauge Mossberg 500 (A) shot gun with pistol grip; Lincoln Continental automobile; Dodge Intrepid automobile; Lexus automobile; Chevrolet Monte Carlo automobile; Ford Grand Marquis automobile; *Page 5 
Security system comprised of Sanyo flat screen television, JVC DVD player/recorder, HP Computer system, cameras, sensors (serial numbers not included).
 {¶ 16} Appellant was arraigned on September 1, 2006, and entered a plea of Not Guilty to each charge.
 {¶ 17} On September 13, 2006, Appellant filed her written Time Waiver in Open Court.
 {¶ 18} On September 29, 2006, Appellant filed a Motion to Suppress Evidence and to Dismiss the case based on an invalid Search Warrant.
 {¶ 19} An oral hearing was held on Appellant's Motion to Suppress on December 5, 2006.
 {¶ 20} The State of Ohio filed its Brief Contra to the Motion to Suppress on December 14, 2006.
 {¶ 21} On December 18, 2006, the trial court filed its Entry denying Appellant's Motion to Suppress and Dismiss. The case was set for Jury Trial on February 20, 2007.
 {¶ 22} On December 20, 2006, Appellant filed a Request for Findings of Fact and Conclusions of Law.
 {¶ 23} Pursuant to an Order dated December 21, 2006, the State and Appellant were to file proposed Findings of Fact and Conclusions of Law within 14 days from date of said Entry.
 {¶ 24} On January 4, 2007, each side filed Findings of Facts and Conclusions of Law. No Findings of Fact or Conclusions of Law were made by the Court. *Page 6 
 {¶ 25} Appellate counsel informed the Court orally on January 4, 2007 and by written Motion filed on January 24, 2007 that he had surgery scheduled for January 31, 2007, and sought either a continuance or permission to withdraw.
 {¶ 26} On January 4, 2007, the Court appointed new counsel for Appellant.
 {¶ 27} On February 2, 2007, a second Motion to Suppress was filed by trial counsel.
 {¶ 28} On February 5, 2007, the trial court denied said motion without a hearing.
 {¶ 29} On February 20, 2007, the case proceeded to Jury Trial. At the conclusion of said trial, Appellant was acquitted of the Charge of Receiving Stolen Property in violation of R.C. § 2913.51 pursuant to a Crim.R. 29 Motion of Acquittal of the Defendant. (T. at 200). Appellant was found guilty by the Jury on the three remaining charges with one gun specification. Forfeiture of the personal property listed above was also awarded.
 {¶ 30} On March 20, 2007, Appellant was sentenced by the Court as follows:
 {¶ 31} Possession of Cocaine — Felony 3 — 3 years, $2,000.00 fine, 5 years Operator's License suspension; Possession of Crack Cocaine — Felony 1 — 6 years, to be served consecutive, $2,000.00 fine, 5 years license suspension to be served consecutive; Aggravated Possession of Drugs — Felony 2 — 4 years to be served consecutive — $2,000.00 fine, 5 years license suspension to be imposed consecutive; 1 year for firearms specification to be served consecutive. The property listed above was forfeited to the State of Ohio;
 {¶ 32} The totality of the sentence was 13 years incarceration, $6,000.00 fines and 15 year license suspension. The Judgment Entry was filed on March 27, 2007. *Page 7 
 {¶ 33} On April 3, 2007, Appellant filed her Notice of Appeal, and now raises the following assignments of error on appeal:
 ASSIGNMENTS OF ERROR {¶ 34} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION OF DEFENDANT APPELLANT TO SUPPRESS IN THAT THE SEARCH WARRANT DID NOT WITH PARTICULARITY DESCRIBE THE ITEMS TO BE SEIZED.
 {¶ 35} "II. THE TRIAL COURT COMMITTED ERROR IN FAILING TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW."
 I. {¶ 36} Appellant, in his first assignment of error, argues that the trial court erred in denying his motion to suppress. We disagree.
 {¶ 37} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93,96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; State v.Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 38} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this Court must *Page 8 
independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 39} Appellant specifically challenges the trial court's finding that the search warrant was valid.
 {¶ 40} The right to be free from unreasonable searches and seizures is guaranteed by the Fourth Amendment to the United States Constitution, which provides that no warrant shall issue but upon probable cause. When the sufficiency of an affidavit submitted in support of a search warrant is in question, the duty of the reviewing court is to determine whether the issuing judge had a substantial basis to conclude that probable cause existed. State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640 ¶ 2, of the syllabus, following Illinois v. Gates (1983), 462 U.S. 213,238-239, 76 L.Ed.2d 527, 103 S.Ct. 2317.
 {¶ 41} The appellate court is not charged with a de novo review of the sufficiency of information set forth to obtain the warrant. In making the determination of whether there was a substantial basis to conclude that probable cause existed, the reviewing court must "make a practical, commonsense decision whether given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at paragraph 1 of the syllabus.
 {¶ 42} Pursuant to the exclusionary rule, "* * * all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court." Mapp v. Ohio (1961),367 U.S. 643, 655, 81 S.Ct. 1684, 1691, *Page 9 6 L.Ed.2d 1081. Pursuant to the "good faith exception" to the exclusionary rule, however, evidence should not be suppressed when it is obtained by a reasonably well-trained police officer acting in objectively reasonable good faith reliance on a search warrant subsequently found deficient.United States v. Leon (1984), 468 U.S. 897, 104 S.Ct. 3405,82 L.Ed.2d 677.
 {¶ 43} R.C. § 2933.23 states in pertinent part:
 {¶ 44} "A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based. The judge or magistrate may demand other and further evidence before issuing the warrant. If the judge or magistrate is satisfied that grounds for the issuance of the warrant exist or that there is probable cause to believe that they exist, he shall issue the warrant, identifying in it the property and naming or describing the person or place to be searched ." (Emphasis added.) See, also, Crim.R. 41(C).
 {¶ 45} In determining whether probable cause exists to support the issuance of a search warrant, a trial court is confined to the four corners of the affidavit and any recorded testimony made part of the affidavit pursuant to Crim.R. 41(C). See, State v. Wesseler (Feb. 17, 1998), Butler App. No. CA96-07-131, and Crim.R. 41(C). However, in determining whether the good faith exception to the exclusionary rule applies, numerous courts have held a trial court may look beyond the four corners of the affidavit *Page 10 
and consider unrecorded oral testimony to determine whether the officer executing the search warrant did so in good faith reliance on the judge or magistrate's issuance of the search warrant. See, Wesseler, supra;Moya v. State (1998), 335 Ark. 193, 202, 981 S.W.2d 521, 525-526, cited in Katz, Ohio Arrest, Search and Seizure, (2002 Ed.) 151, Section 8.2, fn. 2, and United States v. Curry (C.A.8, 1990), 911 F.2d 72, 78 (cited in Moya). The principle in cases like Wesseler, Moya, and Curry is consistent with the statement in Leon that "all of the circumstances" may be considered in determining whether a reasonably well-trained police officer would have known that the search was illegal despite the magistrate's authorization. Leon, 468 U.S. at 922-923, fn. 23.
 {¶ 46} Even if we were to determine the search warrant was not supported by probable cause, we find the trial court did not err in denying appellant's motion to suppress under the "good faith exception" to the exclusionary rule set forth in United States v. Leon (1984),468 U.S. 897, as adopted by the Ohio Supreme Court in State v. Wilmoth
(1986), 22 Ohio St.3d 251. Under the "good faith exception," the exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. State v. George (1980), 45 Ohio St.3d 325, 330 citingLeon, supra at 918-23, 926.
 {¶ 47} However, even under the "good faith exception," suppression of evidence is appropriate where any of the following occurs:
 {¶ 48} "(1) * * * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his *Page 11 
reckless disregard of the truth * * *; (2) * * * the issuing magistrate wholly abandoned his judicial role * * *; (3) an officer purports to rely upon * * * a warrant based upon an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) * * * depending on the circumstances of the particular case, a warrant may be so facially deficient; i.e. in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid."
 {¶ 49} The two "good faith exceptions" which are arguably applicable in the instant case are the first and third.
 {¶ 50} Appellant argues that Deputy Hawks misrepresented the information which he received from Probation Officer Primmer.
 {¶ 51} However, upon review of the affidavit submitted in support of the search warrant, and the testimony at the suppression hearing by Deputy Hawks and P.O Primmer, we find the information in the affidavit was not inconsistent.
 {¶ 52} Additionally, Appellant also seems to be arguing that the warrant was so facially deficient that the executing officers cannot reasonably presume it to be valid.
 {¶ 53} In the case sub judice, the search warrant and supporting affidavit particularly describe the place to be searched (i.e., Appellant's residence), and further describe with sufficient particularity the property and things to be seized. Describing the property and things to be seized, both the warrant stated, ". . . items related to the possession or trafficking in illegal drugs, including but not limited to, firearms or others weapons, US currency, papers, documents and records and other controlled substances." *Page 12 
 {¶ 54} As set forth above, the affidavit detailed a prior search of Appellant's residence, unrelated to illegal drugs, wherein deputies found approximately 16 pounds of marijuana, methamphetamine, drug "cutting" agents, weighing scales, and a handgun within the Appellant's residence. Additionally, security system was also found at her residence which included cameras positioned to view all sides of the house as well as security sensors. Said affidavit also contained the following information: 1) that in July, 2006, the owner of Appellant's property advised a local deputy that Appellant had paid her back rent in cash. The payment amounted to a few thousand dollars in cash and she usually made her payments to him in cash, 2) an informant of a local juvenile probation officer advised the probation officer that an individual had recently purchased methamphetamine from a residence later determined to be that of Appellant, 3) on August 14, 2006, Deputy Gentzel was on the premises and observed what he believed to be electronic surveillance devices mounted on the house, 4) on August 14, 2006, several of the vehicles on the premises could not be identified through State databases and two of the vehicles belonged to two Hispanics from the Columbus area, and 5) that the Central Ohio Drug Enforcement Task Force had current information that Appellant was trafficking large quantities of methamphetamine and was involved in counterfeiting US currency.
 {¶ 55} Based on the foregoing, we do not find the warrant/affidavit to be so facially deficient that the executing officers could not reasonably presume it to be valid.
 {¶ 56} We therefore find that the trial court did not err in denying Appellant's motion to suppress evidence based on an invalid search warrant. *Page 13 
 II. {¶ 57} In Appellant's second assignment of error, Appellant argues that the trial court erred by not including findings of fact on the record when it denied the motion to suppress. We disagree.
 {¶ 58} Appellant claims that Crim.R. 12(F) requires the trial court to state its findings of fact on the record when denying a motion to suppress.
 {¶ 59} Crim.R. 12(F) provides that the trial court "may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." The rule also states that "where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Id. The trial court must, upon request, state essential findings of fact so the reviewing court can properly consider the propriety of the trial court's ruling. Bryan v. Knapp (1986), 21 Ohio St.3d 64, 65, 488 N.E.2d 142; see also State v. Almalik (1986), 31 Ohio App.3d 33, 507 N.E.2d 1168. However, where the record provides a sufficient basis for appellate review, the courts have excused the trial court's failure to make findings. State v. King (1999), 136 Ohio App.3d 377, 381,736 N.E.2d 921.
 {¶ 60} Upon review of the record in the instant case, we find that the trial court did file findings of fact and conclusions of law in its Entry filed Feb. 6, 2007. We therefore find Appellant's second assignment of error not well-taken. *Page 14 
 {¶ 61} Appellant's second assignment of error is overruled.
 {¶ 62} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
Wise, J., Edwards, J., concurs.
 Hoffman, P. J., concurs separately. *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 15