[Cite as *State v. Pierce*, 2011-Ohio-2361.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 10 CA 52 |
| MARCUS PIERCE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No. 2007 CR 926


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         May 17, 2011


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

JAMES J. MAYER, JR.             HEIDI HANNI
PROSECUTING ATTORNEY            SHELLI ELLEN FREEZE
KIRSTEN PSCHOLKA-GARTNER        1714 Boardman-Poland Road
ASSISTANT PROSECUTOR            Suite 11
38 South Park Street            Poland, Ohio  44514
Mansfield, Ohio  44902

*Wise, J.*

{¶1}   Appellant Marcus Pierce appeals from his conviction, in the Court of Common Pleas, Richland County, for cocaine possession and trafficking. The relevant facts leading to this appeal are as follows.

{¶2}   On November 14, 2007, Trooper Gary Wolfe of the Ohio State Highway Patrol was observing traffic from a stationary position along Interstate 71 in Richland County. The trooper pulled onto the roadway and noticed a 2007 Ford Mustang tailgating another vehicle. At about 9:35 AM, Trooper Wolfe proceeded to make a traffic stop of the Mustang, which was owned by Budget Rental Car and was being driven by appellant.

{¶3}   Trooper Wolfe approached the vehicle and obtained appellant's driver's license and registration. He noticed that the car's turn signal continued to operate and that an air freshener was hanging in the car's interior. At approximately 9:37 AM, Wolfe returned to his cruiser to write out a warning for appellant and to check for warrants and license status. While waiting for a response from his dispatcher, the trooper decided to allow his drug-sniffing K-9 partner, Roy, to check around the Mustang's exterior. In order to do so, the trooper went back to the Mustang and directed appellant to go stand next to the cruiser.  At about 9:45 AM, the dispatcher responded to the trooper's request for information on appellant's status. At 9:46 AM, the dog was walked around the car; he began alerting to possible drugs in the trunk area about twenty seconds later.

**{¶4}** Trooper Wolfe and back-up officers proceeded to physically search the interior and trunk of the Mustang. They soon located four sealed plastic packages of a substance subsequently confirmed as 444.82 grams of cocaine.

**{¶5}** Appellant was thereafter indicted by the Richland County Grand Jury on one count of possession of cocaine (amount between 100 and 500 grams, a felony of the second degree) and one count of trafficking in cocaine (amount between 100 and 500 grams, a felony of the second degree). Appellant had already made bond at that time, and he was not arraigned until September 29, 2009. He entered pleas of not guilty to both counts at that time.

**{¶6}** On January 5, 2010, appellant filed a motion to suppress or limit the use of the seized cocaine evidence. On March 29, 2010, the trial court conducted a suppression hearing. At the conclusion of the hearing, the judge stated from the bench that the motion to suppress was overruled, and he directed the prosecutor to prepare a judgment entry to that effect. On March 31, 2010, apparently having seen the proposed judgment entry, appellant's trial counsel filed a motion objecting to certain proposed factual findings set forth therein. The trial court did not rule on appellant's objection motion, and furthermore the suppression judgment entry was never filed with the court.

**{¶7}** The case proceeded to a jury trial on April 2, 2010. Appellant was found guilty on both counts. The trial court chose to merge Count I (possession) into Count II (trafficking) for sentencing as allied offenses of similar import. Appellant was thereafter sentenced to six years in prison, plus a mandatory three-year term of post-release control. See Judgment Entry, April 13, 2010.

{¶8} On April 29, 2010, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶9} "I. THE TRIAL COURT ERRED BY FAILING TO ISSUE A FORMAL RULING ON DEFENDANT'S MOTION TO SUPPRESS.

{¶10} "II. THE TRIAL COURT ERRED BY FAILING TO STATE IT'S [SIC] ESSENTIAL FACTUAL FINDINGS ON THE RECORD WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE.

{¶11} "III. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDIENCE [SIC]."

I.

{¶12} In his First Assignment of Error, appellant argues the trial court erred in failing to issue a formal ruling on his motion to suppress. We disagree.

{¶13} Crim.R. 12(F) (formerly designated as 12(E)) states in pertinent part as follows: "The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means. *** Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."

{¶14} The aforesaid rule, however, does not require a trial court to reduce its essential findings to writing. *State v. Alhajjeh*, Cuyahoga App.No. 93077, 2010-Ohio-3179, ¶ 27, citing *State v. Blazer* (June 4, 1992), Ross App. No. 1806. Moreover, in the case sub judice, the trial court clearly announced on the record its decision to deny the suppression motion, and the matter later proceeded to a jury trial and conviction. Under these circumstances, a remand for the issuance of a written judgment entry denying

the suppression motion would constitute a vain act, which the law will not require. Cf. *Huntsman v. Perry Local School Dist. Bd. of Edn.*, Stark App.No. 2004CA00347, 2005-Ohio-3294, ¶ 27, citing *Walser v. Dominion Homes, Inc.* (June 11, 2001), Delaware App. No. 00-CA-G-11-035 (finding a remand for a board hearing to be futile based on subsequent events in the case).

{¶15} Appellant's First Assignment of Error is therefore overruled.

II.

{¶16} In his Second Assignment of Error, appellant argues the trial court erred in failing to state its essential findings regarding the suppression motion on the record. We disagree.

{¶17} The trial court must, upon request, state its essential Crim.R. 12(F) findings of fact so the reviewing court can properly consider the propriety of the trial court's ruling. See *Bryan v. Knapp* (1986), 21 Ohio St.3d 64, 65, 488 N.E.2d 142. However, where the record provides a sufficient basis for appellate review, the courts have excused the trial court's failure to make findings. *State v. Oprandi*, Perry App.No. 07 CA 5, 2008-Ohio-168, ¶ 59, citing *State v. King* (1999), 136 Ohio App.3d 377, 381, 736 N . E.2d 921.

{¶18} In the case sub judice, the trial court made the following findings on the record:

{¶19} "THE COURT: As I understand the law, Ms. Mayer, what it is saying is you may make stops when there has been a traffic violation, and I don't think there has been any contest of the following too close violation here. The trooper was permitted to make that stop. He got the records, he was running the records. During the period

that he was running the records he decided to do what didn't require probable cause, which was to run his dog around the car. He decided that already when he was making up his paperwork and waiting for the initial responses from the dispatcher because he had already radioed to another car, which was there already by I believe it's 9:46 when he's coming back with the dog. You can't run the dog around the car without somebody being there to watch the defendant. He's already set that up. And, again, he's already started to remove the defendant before the dog search before he gets the final piece of information, as Mr. Bishop pointed out.

{¶20} "Early on, he didn't wait to go through this whole purpose of the stop and then decide he's going to run a dog search. He's setting up the dog search already while he's running the paperwork. That's what I think makes it different from the cases you've described here.

{¶21} "The dog walk around is not a search, according to the case law. It doesn't require probable cause. It just requires that it be done within a reasonable time for the purpose of the stop, and I believe that is what happened here.

{¶22} "Mr. Bishop, I'd ask you to prepare me an entry to that effect." Tr., March 29, 2010, at 32-33.

{¶23} Upon review, we reject appellant's contention that the trial court failed to comply with Crim.R. 12(F) regarding essential findings of fact. Accordingly, appellant's Second Assignment of Error is overruled.

III.

**{¶24}** In his Third Assignment of Error, appellant contends the trial court erred in overruling his motion to suppress the evidence obtained as a result of the traffic stop. We disagree.

**{¶25}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

**{¶26}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. When a law enforcement officer stops an individual for a minor traffic offense, the officer may not generally expand the scope of the stop unless the officer

observes additional facts giving rise to a reasonable suspicion of other criminal activity. *State v. Latona*, Richland App.No. 2010-CA-0072, 2011-Ohio-1253, ¶ 25, citing *State v. Guckert* (Dec. 20, 2000), Washington App. No. 99CA49, 2000-Ohio-1958.

**{¶27}** We first consider the propriety of the trooper's initial stop of appellant's vehicle in this case. "An officer's direct observation that a vehicle is following another vehicle too closely provides probable cause to initiate a lawful traffic stop." *State v. Kelly*, 188 Ohio App.3d 842, 846-847, 937 N.E.2d 149, 2010-Ohio-3560, citing *State v. Perry*, Preble App. No. CA2004-11-016, 2005-Ohio-6041, 2005 WL 3031741, ¶ 12. Here, Trooper Wolfe testified that he observed appellant's Mustang travelling at 65 MPH approximately two car lengths behind the vehicle in front of appellant's. Tr. at 3-4. The trooper further noted: "Well, following too close a lot a times can be an officer's discretion. The rule of thumb that we use as the Highway Patrol is approximately one car length for every ten mile an hour you're traveling. So sixty mile an hour, six car lengths, sixty-five, six car lengths, something in that ballpark. So anything less than that number we look at, then we consider that a violation.

**{¶28}** "That is all calculated off of figures that the Patrol has come up with and trained us on that calculates the feet per second that a car is traveling as they are going down the highway, in conjunction with your reaction time that it would take a driver to react to something that would happen in front of you. If a car in front of you slams on the brakes because of whatever reason, another car, animal, whatever, they usually look at three-quarters of a second to react to that, to take your foot off the accelerator and to put it on the brake to react." Tr. at 5.

{¶29} Based on the foregoing, we find the trial court correctly determined that the initial stop of appellant's Mustang was constitutionally valid.

{¶30} We next consider the propriety of the trooper's detention of appellant and his vehicle at the traffic stop. We recognize the general rule that the scope and duration of an investigatory stop must last no longer than is necessary to effectuate the purpose for which the initial stop was made. See, e.g., *State v. Bevan* (1992), 80 Ohio App.3d 126, 129. In the case sub judice, the trooper made a routine check with his dispatcher to check appellant's license and warrant status. While he was awaiting a response, a time-frame of about ten minutes, he decided to utilize his K9 partner to conduct an exterior drug sniff. This Court has concluded: "[W]hen a motorist is lawfully detained pursuant to a traffic stop and when the purpose of the traffic stop has yet to be fulfilled, the Fourth Amendment is not violated when the officer employs a trained narcotics canine to sniff the vehicle for drugs." *Latona*, supra, at ¶ 27. Furthermore, when detaining a motorist for a traffic violation, an officer may delay a motorist for a time period sufficient to issue a ticket or a warning, including the time sufficient to run a computer check on the driver's license, registration, and vehicle plates. *State v. Brown*, Tuscarawas App.No. 2009AP050024, 2010-Ohio-1110, ¶ 22, citing *State v. Batchili*, 113 Ohio St.3d 403, 865 N.E.2d 1282, 2007-Ohio-2204, ¶ 12, and *State v. Bolden,* Preble App.No. CA2003-03-007, 2004-Ohio-184, ¶ 17.

{¶31} We therefore conclude that the brief detention of appellant in this instance to write a traffic warning, conduct a dispatcher computer check on appellant's status, and to conduct a non-invasive drug dog sniff of the car's exterior was also

constitutionally valid. The trial court therefore correctly decided the ultimate issue raised in appellant's motion to suppress.

{¶32} Accordingly, we hold the trial court did not err in denying the motion to suppress under the facts and circumstances of this case.

{¶33} Appellant's Third Assignment of Error is overruled.

{¶34} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0419

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                      :

      Plaintiff-Appellee          :

-vs-                         :         JUDGMENT ENTRY

MARCUS PIERCE              :

      Defendant-Appellant      :         Case No. 10 CA 52

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

                           JUDGES