[Cite as *Drushal*, 2014-Ohio-3088.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 13CA0028 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN B. DRUSHAL | WAYNE COUNTY MUNICIPAL COURT, COUNTY OF WAYNE, OHIO |
| Appellee | CASE No. TRC 13-04-04109 |

DECISION AND JOURNAL ENTRY

Dated: July 14, 2014

MOORE, Judge.

{¶1} Plaintiff-Appellant, the State of Ohio, appeals from the June 11, 2013 judgment entry of the Wayne County Municipal Court. We affirm.

I.

{¶2} On April 20, 2013, at approximately 2:20 a.m., Officer Ryan Laskowski initiated a traffic stop because Defendant-Appellee, John Drushal, failed to stop his car before the "clearly marked solid stop bar" on South Street in Wooster, Ohio. When Officer Laskowski approached the driver side window, he detected a "strong odor" of alcohol about Mr. Drushal, and observed that he had "red, bloodshot, watery, and glossy" eyes and that he was slurring his speech. Officer Laskowski performed standardized field sobriety tests on Mr. Drushal, issued him a traffic citation for driving while under the influence of alcohol and drugs, in violation of R.C. 4511.19(A)(1)(a)/(d), and for operation of a vehicle at a stop sign, in violation of Wooster Codified Ordinance 331.19, and placed him under arrest.

{¶3}    Mr. Drushal pleaded not guilty to all charges, and filed a motion to suppress the evidence because (1) the officer lacked a reasonable, articulable suspicion that he was engaged in any criminal activity, and (2) the officer lacked probable cause to arrest him.

{¶4}    In granting Mr. Drushal's motion to suppress, the trial court stated, in relevant part, that:

* * *

The cause for the stop in question in this case was an alleged violation of Wooster [Codified] Ordinance [] 331.19.  This ordinance states that [] "[e]xcept when directed to proceed by a law enforcement officer, every driver of a vehicle approaching a stop sign shall stop 'at' a clearly marked stop line, but if none before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of the approaching traffic on the intersecting roadway before entering it."

The word 'at' as used in the ordinance is of importance to us here.  [Mr. Drushal] properly argues that the vehicle did in fact stop 'at' the stop line, leaving the car on top of, or at the stop line.   Furthermore, [Mr. Drushal's] vehicle did not encroach into the cross street as to create a hazard for oncoming traffic.

The traffic stop in question was initiated based on a failure to stop 'before' the stop line.  As seen, the ordinance does not state that every driver approaching a stop sign shall stop 'before' a clearly marked stop line.  Regardless of any possibly imprudent, or haphazard language in the ordinance; it is not the court's duty, nor the officer's, to change such language as to create a new burden, or requirement, for drivers.  It is clear from the evidence available that [Mr. Drushal] stopped at the stop line of the intersection.  When [Mr. Drushal] stopped at the stop line, he was not in violation of Wooster Ordinance 331.19.  Therefore, the arresting officer had no reasonable, articulable suspicion of the violation that [Mr. Drushal] was cited.  Furthermore, all evidence used as probable cause for arrest obtained as a result of this traffic stop shall be suppressed.

{¶5}    The State appealed, raising one assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING MR. DRUSHAL'S MOTION TO SUPPRESS ON THE BASIS THAT THE TRAFFIC STOP WAS ILLEGAL AND THERE WAS NO REASONABLE, ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY.

{¶6}    In its sole assignment of error, the State argues that the trial court erred in granting Mr. Drushal's motion to suppress because (1) Officer Laskowski had a reasonable, articulable suspicion to effectuate the traffic stop, (2) the trial court applied an incorrect legal standard in granting the motion, and (3) the trial court misinterpreted Wooster Codified Ordinance 331.19.

{¶7}    The Ohio Supreme Court has held that:

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶8}    "The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures." *State v. McLemore*, 9th Dist. Lorain No. 13CA010435, 2014-Ohio-2116, ¶ 9. *Accord* Ohio Constitution, Article I, Section 14. "This Court has identified three types of police encounters in the context of the Fourth Amendment: (1) consensual encounters; (2) investigatory stops; and (3) seizures that equate to an arrest." *McLemore* at ¶ 9 citing *State v. Patterson*, 9th Dist. Summit No. 23135, 2006-Ohio-5424, ¶ 11.

{¶9}    "To justify an investigative stop, 'an officer must be able to point to 'specific and articulable facts, which taken together with rational inferences from those facts,' support a reasonable suspicion of criminal activity.'" *McLemore* at ¶ 10, quoting *State v. Farrey*, 9th Dist. Summit No. 26703, 2013-Ohio-4263, ¶ 8, quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). *Accord Maumee v. Weisner*, 87 Ohio St.3d 295, 299, 1999-Ohio-68. In evaluating the facts and

inferences supporting the investigatory stop, a court must consider the totality of the circumstances as "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988), quoting *United States v. Hall*, 525 F.2d 857, 859 (D.C.Cir.1976). A totality of the circumstances review includes consideration of "(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14, citing *Bobo* at 178-179.

{¶10} In the present matter, Officer Laskowski testified on direct examination regarding his decision to stop Mr. Drushal:

\* \* \*

[THE STATE]: Were you on traffic patrol at approximately 2 o'clock in the morning?

[OFFICER LASKOWSKI]: Yes, I was.

[THE STATE]: And do you recall initiating a traffic stop at approximately 2:20 in the morning on [April] 20, 2013?

[OFFICER LASKOWSKI]: Yes.

[THE STATE]: Where did you initiate that traffic stop?

[OFFICER LASKOWSKI]: Initiated the traffic stop on South Street at Columbus Avenue.

\* \* \*

[THE STATE]: And what did you initiate the traffic stop for?

[OFFICER LASKOWSKI]: For the vehicle failed to stop *before* the clearly marked solid stop bar on South Street at Columbus Avenue.

\* \* \*

(Emphasis added.) Further, on cross-examination, Officer Laskowski testified regarding the actual language in Wooster Codified Ordinance 331.19 as follows:

[MR. JOHNSON]: Okay. According to this report, the reason that you pulled over Mr. Drushal was because he failed to stop before the clearly marked stop line, is that correct?

[OFFICER LASKOWSKI]: That's correct.

[MR. JOHNSON]: And the citation for that is [Wooster Codified Ordinance 331.19], correct?

[OFFICER LASKOWSKI]: Yes.

* * *

[MR. JOHNSON]: Officer, I'm going to show you a copy of Wooster [Codified Ordinance 331.19] and you are familiar with that, correct?

[OFFICER LASKOWSKI]: Yes.

[MR. JOHNSON]: Okay. Can you show me in this ordinance where it says a person must stop before a clearly marked stop line? Show me where it says that.

[OFFICER LASKOWSKI]: *It does not say that*.

[MR. JOHNSON]: In fact, what it says, except when directed to proceed by law enforcement officer, every driver of a vehicle approaching a stop sign shall stop *at* a clearly marked stop line, that's what it says, doesn't it?

[OFFICER LASKOWSKI]: Yes, it does.

[MR. JOHNSON]: Okay. There is no language in this ordinance that says anybody's got to stop before a stop line, right?

[OFFICER LASKOWSKI]: Yes.

* * *

[MR. JOHNSON]: Well, now, we saw the DVD, right? I mean we just sat here and then watched what you saw that night, correct?

[OFFICER LASKOWSKI]: Yes.

* * *

[MR. JOHNSON]: The rear wheels were behind the stop line, yes?

[OFFICER LASKOWSKI]: That's correct.

[MR. JOHNSON]: And behind the rear wheels is the rear of the car, correct?

[OFFICER LASKOWSKI]: Yes.

[MR. JOHNSON]: And that was behind the stop line, wasn't it?

[OFFICER LASKOWSKI]: Yes.

* * *

[MR. JOHNSON]: There is nothing in the ordinance that says which part of a car must stop at a stop line, right?

[OFFICER LASKOWSKI]: Correct.

[MR. JOHNSON]: So that's something that you've decided also, correct?

[OFFICER LASKOWSKI]: Yes.

* * *

(Emphasis added.)

{¶11} As previously stated, Wooster Codified Ordinance 331.19(a) states, in relevant part, that:

> Except when directed to proceed by a law enforcement officer, every driver of a vehicle approaching a stop sign shall stop *at a clearly marked stop line*, but if none before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it.

(Emphasis added.) It is well-settled that "[a] court may interpret a statute only where the statute is ambiguous." *State v. Myers*, 9th Dist. Medina Nos. 3260-M, 3261-M, 2002-Ohio-3195, ¶ 15, citing *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.*, 32 Ohio St.3d 24, 27 (1987). "A statute is ambiguous if its language is susceptible to more than one reasonable interpretation." *Myers* at ¶ 15, citing *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513 (1996). Further, "[t]he principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used." *Roxane Laboratories, Inc. v. Tracy*, 75 Ohio St.3d 125, 127 (1996).

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42; *see also* Wooster Codified Ordinance 101.03(a).

{¶12} Based upon a plain reading of Wooster Codified Ordinance 331.19(a), we conclude that the language unambiguously states that "a vehicle approaching a stop sign shall stop *at* a clearly marked stop line[.]" (Emphasis added.) According to Merriam-Webster's Collegiate Dictionary, the definition of the word "at" is "in, on, or near[.]" *Merriam-Webster's Collegiate Dictionary*, 77 (11th Ed.2005). This definition does not indicate that a person must stop "before" a stop line, in order to properly be "at" the stop line. Additionally, our careful review of State's Exhibit A, the DVD of the traffic stop, clearly shows that Mr. Drushal's vehicle is stopped "in, on, or near" the stop line. As such, Officer Laskowski incorrectly understood the legal requirements of Wooster Codified Ordinance 331.19(a).

{¶13} In *State v. Babcock*, 6th Dist. Wood No. WD-12-025, 2013-Ohio-2366, ¶ 18, the Sixth District Court of Appeals addressed whether a mistake of law exception to the exclusionary rule should apply in instances where a defendant is stopped for a traffic violation, when, in fact, the defendant's conduct was lawful. Pursuant to the exclusionary rule, "[c]ourts are required to exclude evidence obtained by means of searches and seizures that are found to violate the Fourth Amendment." *State v. Robinson*, 9th Dist. Wayne No. 10CA0022, 2012-Ohio-2428, ¶ 9, citing *Mapp v. Ohio,* 367 U.S. 643, 657 (1961). In *Babcock* at ¶ 20, the Sixth District agreed with the Eighth District Court of Appeals' conclusion in *State v. Fears*, 8th Dist. Cuyahoga No. 94997, 2011-Ohio-930, ¶ 13, that "the officers' mistake of law regarding [Mr.] Fears' use of a turn signal without turning meant that the officers lacked a reasonable, articulable suspicion for the stop," and that the evidence from that stop should be suppressed. Thus, in barring "the

admission of evidence obtained as a result of a traffic stop based on conduct that a police officer mistakenly believes is a violation of the law" the Sixth District stated:

> Having examined the relevant authority concerning the admissibility of evidence obtained as a result of a traffic stop founded upon a mistake of law, we find the reasoning in *Fears* to be persuasive. Further, we note that this case is distinguishable from the Ohio Supreme Court's decision in [*Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563] insofar as that decision involved a police officer's mistake of fact. Here, the [S]tate urges us to apply *Godwin's* reasoning to encompass mistakes of law as well. However, we decline to do so because to permit traffic stops founded upon an officer's mistake of law "would defeat the purpose of the exclusionary rule, for it would remove the incentive for police to make certain that they properly understand the law that they are entrusted to enforce and obey." *United States v. Lopez-Soto*, 205 F.3d 1101, 1106 (9th Cir.2000).

*Babcock* at ¶ 22.

{¶14} In applying *Babcock's* sound reasoning to the present matter, we conclude that the trial court did not err in granting Mr. Drushal's motion to suppress. The traffic stop involving Mr. Drushal was founded upon Officer Laskowski's mistake of law: that in order to comply with Wooster Codified Ordinance 331.19(a), a vehicle must stop before a clearly marked stop line, instead of at a clearly marked stop line. Because Mr. Drushal was stopped at a clearly marked stop line prior to his detention, Officer Drushal lacked a reasonable, articulable suspicion for the stop.

{¶15} Accordingly, the State's assignment of error is overruled.

### III.

{¶16} In overruling the State's sole assignment of error, the judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P.J.
WHITMORE, J.
CONCUR

APPEARANCES:

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellant.

JOHN JOHNSON, JR., Attorney at Law, for Appellee.