[Cite as *State v. Adams*, 2015-Ohio-3786.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15 CA 6 |
| JOSEPH M. ADAMS | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                        Pleas, Case No.  14 CR 350


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:        September 17, 2015


APPEARANCES:

For Plaintiff-Appellant                        For Defendant-Appellee

BRIAN T. WALTZ                              ROBERT E. CALESARIC
ASSISTANT PROSECUTOR              35 South Park Place
20 South Second Street, 4th Floor      Suite 15
Newark, Ohio  43055                        Newark, Ohio  43055

*Wise, J.*

**{¶1}.** Appellant State of Ohio appeals the decision of the Court of Common Pleas, Licking County, which granted a motion to suppress evidence obtained as a result of a traffic stop by a state trooper. Defendant-Appellee is Joseph M. Adams. The relevant facts leading to this appeal are as follows.

**{¶2}.** On the morning of July 22, 2013, Trooper Rustun Schack of the Ohio State Highway Patrol was traveling westbound in his cruiser on Interstate 70 in Licking County, Ohio.  Shortly after 9:00 AM, he observed a westbound Buick Century station wagon being driven in the left lane at about 65 to 70 miles per hour. Suppression Hrg. Tr. at 8, 18. Trooper Schack saw the vehicle signal to change lanes and then move from the left lane into the right lane in front of a semi-truck, also proceeding westbound. Trooper Schack estimated that when the Buick's driver completed the lane change, it left a distance of approximately two car lengths between the Buick and the front of the truck. Tr. at 8-9. Additionally, it was cloudy and raining lightly, but the Buick did not appear to have its headlights on. Tr. at 9, 16.

**{¶3}.** The officer believed that the driver of the vehicle committed a traffic violation based on the action of returning to the right lane in front of the semi-truck without allowing sufficient space, given the speed at which the vehicle was traveling and the rainy conditions. *See* Tr. at 15. Trooper Schack thus initiated a traffic stop. *Id.* Appellee Adams was thereupon identified as the driver of the Buick.

**{¶4}.** As a result of the traffic stop, appellee was found to be in possession of several contraband items, and he made incriminating statements regarding same. Tr. at

15-16. As a result, appellee was charged with three drug possession counts, two of which were felonies of the fifth degree.

{¶5}. On December 8, 2014, appellee filed a motion to suppress. The matter proceeded to a suppression hearing on January 9, 2015. Tr. at 4. At the hearing, the parties agreed to limit the issue to the lawfulness of the traffic stop. At the conclusion of the hearing, the trial court took the matter under advisement, although the judge orally noted: "I find it hard to believe that anyone who passes a vehicle on [Interstate] 70 is seven car lengths ahead. It defies common sense." Tr. at 29.

{¶6}. On January 20, 2015, the trial court issued a judgment entry granting the motion to suppress.

{¶7}. On January 23, 2015, Appellant State of Ohio filed a notice of appeal and a Crim.R. 12(K) certification. It herein raises the following sole Assignment of Error:

{¶8}. "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN NOT FINDING THAT THERE WAS A REASONABLE AND ARTICULABLE SUSPICION THAT THE APPELLANT HAD COMMITTED A TRAFFIC VIOLATION."

I.

{¶9}. In its sole Assignment of Error, the State of Ohio contends the trial court erroneously granted Appellee Adams's motion to suppress. We disagree.

{¶10}. The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶11}. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

{¶12}. During the suppression hearing in the case *sub judice*, the court asked Trooper Schack what traffic offense he would have been relied had he issued a traffic citation to appellee. *See* Tr. at 26. The trooper referenced R.C. 4511.33, Ohio's "marked lane" statute, which mandates in pertinent part as follows: "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic ***, the following rules apply: (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or

line until the driver has first ascertained that such movement can be made with safety. ***."

**{¶13}.** However, the prosecutor, perhaps recognizing that R.C. 4511.33 could address a driver's initial lane change, rather than the specific act of overtaking and moving back in front of another vehicle, proposed that R.C. 4511.34 and R.C. 4511.27 were the better focal points. *See* Tr. at 27.

**{¶14}.** R.C. 4511.34(A) states as follows: "The operator of a motor vehicle, streetcar, or trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless trolley, and the traffic upon and the condition of the highway."

**{¶15}.** R.C. 4511.27(A)(1) requires that the operator of a vehicle overtaking another vehicle proceeding in the same direction shall signal to the vehicle to be overtaken and "shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle or trackless trolley."[1]

**{¶16}.** The gist of the trooper's observations in the case *sub judice* is set forth in his following testimony:

**{¶17}.** "About that time and date I was in the left lane following a Buick station wagon. I was following the vehicle I don't know for how long. The vehicle then - - I observed the vehicle move from the left lane into the right lane changing lanes. The vehicle did activate his turn signal before doing so. When the Defendant made his lane

---

[1] The audible signaling requirement is excepted for passing on divided highways and the like. *See* R.C. 4511.27(A)(3).

change from the left to the right lane, he was traveling approximately 65 to 70 miles per hour.

{¶18}. "The Defendant then changed lanes in front of a semi truck.  When the Defendant made this lane change, it was unsafe at the time as he did not leave enough room between his vehicle and the semi truck which he changed lanes in front of.   There was approximately two car lengths between the front of the semi and the rear bumper of the Defendant's vehicle when he made that lane change at approximately 65 to 70 miles per hour."

{¶19}. Tr. at 8-9.

{¶20}. Trooper Schack thus emphasized that as appellee finalized his lane change back in front of the semi, he left only about two car lengths between the two vehicles. Tr. at 9. Schack explained that pursuant to his Highway Patrol training, a driver should allow one car length of space for every ten miles per hour of vehicle speed. Tr. at 11. Since he had paced appellant's Buick at 65 to 70 MPH, the trooper iterated that the proper spacing for appellee should have been six and one-half to seven car lengths in front of the truck, making appellee's act of passing "greatly not safe." *Id.* On cross-examination, the trooper nonetheless conceded that appellee had caused no accident or impediment to traffic by his actions, and that right after the pass was completed, appellee continued to gain ground ahead of the semi. *See* Tr. at 24.[2]

{¶21}. This Court addressed the "car length" rule of thumb in *State v. Pierce*, 5th Dist. Richland No. 10 CA 52, 2011-Ohio-2361, in which we recognized that "[a]n

---

[2]   We note Trooper Schack stated at the hearing that the passing incident in question was not recorded on his cruiser's video camera, as the recording equipment does not self-engage until the vehicle's overhead flashers are activated. *See* Tr. at 15.

officer's direct observation that a vehicle is following another vehicle too closely provides probable cause to initiate a lawful traffic stop." *Id.* at ¶ 27, quoting *State v. Kelly,* 188 Ohio App.3d 842, 846–847, 937 N.E.2d 149, 2010–Ohio–3560.

{¶22}. However, *Pierce*, like the cases cited in the State's brief (*see, e.g.*, *State v. Johnson*, 9th Dist. No. 03CA0127-M, 2004-Ohio-3409) pertain to law enforcement officers stopping vehicles perceived to be following other vehicles too closely, which patently is not what transpired in the instant case. The State instead herein proposes that appellee was lawfully stopped by the trooper either because he had not safely overtaken the semi (R.C. 4511.27(A)(1), *supra*) or because he caused the semi driver to be in a position of following *him* too closely (R.C. 4511.34(A), *supra*).

{¶23}. The Ohio Supreme Court has clearly stated that " *** if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *State v. Mays*, 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008–Ohio–4539, ¶ 8. Upon review, we do not accept the State's attempted rationalization of the trooper's traffic stop in these specific circumstances as one based on a reasonable suspicion of appellee violating Ohio traffic law.

{¶24}. Accordingly, we hold the trial court did not err in granting appellee's motion to suppress. The State's sole Assignment of Error is overruled.

{¶25}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0904