[Cite as *State v. Hill*, 2016-Ohio-1510.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

MARK HILL

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case Nos. 2015 CA 00078 and
           2015 CA 00079

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Alliance Municipal Court, Case Nos. 2014 CRB 1687 and 2014 TRC 4492 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 11, 2016 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MATTHEW S. KUHN<br>ASSISTANT CITY PROSECUTOR<br>470 East Market Street<br>Alliance, Ohio  44601 | STACEY M. ZIPAY<br>PUBLIC DEFENDER OFFICE<br>201 Cleveland Avenue S.W., Suite 104<br>Canton, Ohio  44702 |

*Wise, J.*

{¶1} Appellant Mark Hill appeals from his convictions, in the Alliance Municipal Court, for operating a vehicle while intoxicated ("OVI"), running a stop sign, and possessing marijuana. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On October 16, 2014, Officer Christopher McCord of the Alliance Police Department was patrolling in his cruiser on East Main Street when he observed an eastbound 2000 Chevrolet waiting to make a left turn onto another street. According to the officer: "The car was in the turn lane to turn onto Mechanic [Avenue] but was at a weird angle and the front of the car actually in the westbound lane." Tr., Suppression Hearing, at 9-10.

{¶3} As he approached closer, the officer observed the Chevrolet complete the turn and rapidly proceed up Mechanic Avenue. Officer McCord, who estimated that the Chevrolet was moving above the posted speed limit, followed the vehicle, watching it cross some railroad tracks and approach the intersection of Mechanic Avenue and Ely Street. According to the officer, the Chevrolet came to a complete stop at said intersection short of the painted stop line at the stop sign; it then "went through the intersection without clearing it safely." Tr. at 10, 30. Officer McCord then effectuated a traffic stop. Appellant Hill was thereby determined to be the driver of the vehicle.

{¶4} As a result of the aforesaid events, appellant was arrested for OVI (R.C. 4511.19(A)(1)(a); 4511.19(A)(1)(d) (breath); and 4511.19(A)(1)(e) (urine)). Appellant was also cited for a stop sign violation (Alliance Codified Ordinance 331.19(A)), a seat belt

violation (Alliance Codified Ordinance 337.27), and possession of marijuana (Alliance Codified Ordinance 513.03).

{¶5} Appellant thereafter entered pleas of not guilty in the Alliance Municipal Court (hereinafter "trial court").

{¶6} On December 12, 2014, appellant filed a motion to suppress. A hearing on the motion was conducted on January 14, 2015. The trial court judge stated as follows at the commencement of the hearing: "It's my understanding that the motion to suppress is a very narrow motion limited to the reasonable articulable suspicion for the actual stop of defendant's motor vehicle." Tr. at 6. Defense counsel concurred with the court's assessment of such parameters. *Id.*

{¶7} On January 27, 2015, the trial court issued a judgment entry denying the motion to suppress. The trial court therein concluded that although appellant had not violated the stop sign ordinance or any other traffic laws, the arresting officer's understanding of said ordinance, while found to be mistaken, was reasonable and did not invalidate the traffic stop.

{¶8} On March 30, 2015, appellant pled no contest to, and was found guilty of, one count of OVI, R.C. 4511.19(A)(1)(e), one count of violating the stop sign ordinance, and one count of possession of marijuana. The remaining counts were dismissed.

{¶9} On April 27, 2015, appellant filed a notice of appeal. On May 21, 2015, this Court consolidated both cases under number 2015CA00078. Appellant herein raises the following sole Assignment of Error:

{¶10} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE PATROLMAN MCCORD'S STOP OF APPELLANT WAS NOT

BASED ON A REASONABLE MISTAKEN UNDERSTANDING OF THE LAW IN QUESTION."

I.

{¶11} In his sole Assignment of Error, appellant challenges the trial court's denial of his motion to suppress.

{¶12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. However, the United States Supreme Court has held that "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

{¶13} Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in criminal activity. *State v. Logan*, 5th Dist. Richland No. 07-CA-56,

2008-Ohio-2969, ¶ 15, quoting *State v. Gedeon* (1992), 81 Ohio App.3d 617, 618. Reasonable suspicion constitutes something less than probable cause. *State v. Carlson* (1995), 102 Ohio App.3d 585, 590. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. In a situation where the officer has observed a traffic violation, the stop is constitutionally valid. *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 9, 665 N.E.2d 1091. In sum, " ' * * * if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid.' " *State v. Adams*, 5th Dist. Licking No. 15 CA 6, 2015-Ohio-3786, ¶ 23, quoting *State v. Mays,* 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008–Ohio–4539, ¶ 8.

**{¶14}**  The traffic law at issue, Alliance Codified Ordinance 331.19(A), is similar to R.C. 4511.43. The ordinance states in pertinent part: "Except when directed to proceed by a law enforcement officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line ***. After having stopped, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."[1]

**{¶15}**  The trial court in the case *sub judice* made the following pertinent findings, which we find no basis to presently contradict:

---

[1]   We have not been presented herein with arguments directly pertaining to appellant's other driving actions on the date in question, such as his positioning of the Chevrolet in relation to the marked lanes on East Main or his estimated rate of speed after making the turn onto Mechanic Street.

After crossing the railroad tracks, the Defendant's vehicle next approached a clearly marked stop sign at the intersection of Mechanic St. and Ely St. The intersection is also marked with a clearly painted "stop block" or "stop line" of white reflective traffic paint on the pavement. All persons agree that the Defendant came to a full and complete stop prior to the stop line. Ptl. McCord testified that the Defendant stopped his vehicle approximately five feet prior to the stop line, and that action is a violation of A.C.O. 331.19(a) according to his understanding of the statute. He also testified that the cruiser video did not provide a proper depiction of the depth perception on this particular point, but that he personally observed the vehicle to have stopped approximately five feet prior to the stop line, and he believed that distance was too far back from the stop line to constitute compliance with the statute. The headlights of the vehicle and the shadows on the side of the road indicate to the Court that the vehicle appears closer to the stop block than five feet as testified by the officer; however, the Court accepts the officer's opinion as to distance as it is difficult to determine the exact distance on the video due to the angles and depth perception involved.

**{¶16}** Judgment Entry, January 27, 2015, at 2.

**{¶17}** The trial court went on to conclude that a complete stop five feet from a stop line would not constitute a violation of A.C.O. 331.19. *Id.* at 5. However, the court found the officer's assessment of the law at the traffic stop to be a reasonable mistake. *Id.* at 6.

**{¶18}**  We note, as did the trial court, that when an officer is confronted in the midst of his or her duties with a situation requiring the application of an unclear statute, the officer can still make a valid stop if the officer's mistaken interpretation of the law is reasonable. *See State v. Millerton*, 2nd Dist. Montgomery No. 26209, 2015-Ohio-34, 26 N.E.3d 317, ¶ 16, citing *Heien v. North Carolina,* —— U.S. ——, 135 S.Ct. 530, 533, 190 L.Ed.2d 475 (2014). Appellant herein recognizes the rule of *Heien*, but he urges that the law enforcement officer in that case was required to interpret a more complex North Carolina statute involving the operability of a "stop lamp" within a motor vehicle's rear lighting system. *See* Appellant's Brief at 9.

**{¶19}**  Appellant then directs us, in contrast, to *State v. Drushal*, 9th Dist. Wayne No. 13CA0028, 2014-Ohio-3088, wherein the Ninth District Court of Appeals found the basic language in the Wooster Codified Ordinances that "a vehicle approaching a stop sign shall stop at a clearly marked stop line" to be unambiguous. *Id.* at ¶ 12.[2] Appellant secondly points to *State v. Abele*, 4th Dist. Jackson No. 04CA7, 2005-Ohio-2378, which involved a defendant's vehicle making a complete stop directly behind another vehicle which had stopped beyond the stop line, and then proceeding through the intersection behind the "lead vehicle," without stopping a second time. *Id.* at ¶ 2. The Fourth District Court of Appeals ruled that without evidence from the State indicating where the defendant had stopped in relation to the stop line, the State failed to sufficiently prove a stop-sign violation under the Ohio statute, R.C. 4511.43. *Id.* at ¶ 11. Appellant thus maintains that the language of A.C.O. 331.19 is clear and urges us to find the United

---

[2]  The facts in *Drushal* indicate the driver had stopped either just at or somewhat on top of the stop line, but not "before" it, which is how the Wooster officer interpreted the law. *See id.* at ¶ 4.

States Supreme Court's holding in *Heien* to be inapplicable in the present context, *i.e.*, where the officer believed that appellant simply did not stop "at" the stop line by stopping approximately five feet short.

**{¶20}** It is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis*, 5th Dist. Licking No. 14 CA 103, 2015-Ohio-3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App.3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997). We find it noteworthy in the case *sub judice* that Officer McCord's interpretation of the stop-sign ordinance at the scene may have involved general safety concerns about the particular location, which he indicated often incorporates several cars parked on Ely Street near a corner house: "I know going through that intersection all the time that if you don't actually pull all the way up to the intersection that a car can come by and you're going to end up scaring yourself or someone else a little bit." Tr. at 18.

**{¶21}** Upon review, we find the officer's imperfect interpretation of the Alliance stop-sign ordinance at the time in question to be objectively reasonable under the totality of the circumstances, and we therefore find no reversible error in the trial court's denial of appellant's suppression motion in the instant case.

**{¶22}**  Appellant's sole Assignment of Error is overruled.

**{¶23}**  For the reasons stated in the foregoing opinion, the judgment of the Alliance Municipal Court, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0324