[Cite as *State v. Tyler*, 2024-Ohio-2589.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| KEVIN TYLER, | : | Case No. 2023 CA 00050 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Municipal Court, Case No. TRC 2302820

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      July 5, 2024

APPEARANCES:

For Plaintiff-Appellee

ANDREW D. SEMELSBERGER
City of Lancaster Law Director
& City Prosecutor's Office
136 West Main Street
P.O. Box 1008
Lancaster, Ohio 43130

For Defendant-Appellant

AARON CONRAD
Conrad/Wood
120 East Main Street
Suite 200
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}    Appellant Kevin Tyler appeals the trial court's decision denying his motion to suppress and his conviction. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    On April 23, 2023, the appellant was charged with Driving while under the Influence of Alcohol or Drugs in violation of R.C. §4511.19, Prohibition Against Operating Unsafe Vehicles in violation of R.C. §4513.02, and Open Container Prohibited in violation of R.C. §4301.62.

{¶3}    On May 5, 2023, the appellant filed a Motion to Suppress.

{¶4}    On July 19, 2023, the trial court held a hearing on the appellant's Motion to Suppress.

{¶5}    At the Suppression hearing, Patrol Officer Kobie Reed of the Lancaster Police Department testified that on April 23, 2023, he was on patrol when he received a call about a fight. Dispatch told Officer Reed that several people involved in the fight fled eastbound on King Street in a black Dodge Charger with orange stripes. The witness provided officers with the name and address of the driver of the Charger.

{¶6}    While responding to the call, Officer Reed observed the appellant's vehicle, which had tail lights similar to a Dodge Charger's. However, Officer Reed testified that as he approached the vehicle, he discovered the vehicle was a dark grey Dodge Dart, not a black Dodge Charger with orange stripes. Even after realizing he had the wrong vehicle, Officer Reed continued his investigatory stop.

{¶7} As Officer Reed approached the vehicle, the passenger side window was rolled down, and he smelled a strong odor of alcohol coming from the vehicle. While speaking to the passenger, she informed Officer Reed she had some drinks. When speaking with the appellant, Officer Reed observed his slurred speech and a strong odor of alcohol. The odor of alcohol became more intense the closer Officer Reed got to the appellant. Officer Reed also observed that the appellant had glassy eyes, and empty beer cans on the passenger floorboard.

{¶8} Next, Officer Morehouse testified that she assisted Officer Reed with his traffic stop of the appellant's vehicle. Upon making contact with the appellant, Officer Morehouse noticed he had multiple signs of alcohol impairment: his eyes were bloodshot and glassy, and an odor of alcoholic beverage coming from the vehicle.

{¶9} Officer Morehouse then performed field sobriety tests. As a result of those tests, the appellant was placed under arrest for Driving while under the Influence of Alcohol or Drugs.

{¶10} On October 20, 2023, the trial court denied the appellant's Motion to Suppress.

{¶11} On November 21, 2023, the appellant entered a plea of no contest to Driving while under the Influence of Alcohol or Drugs in violation of R.C. §4511.19.

{¶12} The appellant filed a timely notice of appeal and raised the following assignment of error:

{¶13} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS."

**STANDARD OF REVIEW**

**{¶14}** Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine, as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

**{¶15}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate

court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

## ANALYSIS

{¶16} In the appellant's sole Assignment of Error, the appellant challenges the trial court's findings of fact that Officer Reed learned he had stopped the wrong vehicle until some point during the traffic stop, that Officer Reed had reasonable and articulable suspicion to conduct an investigative stop, and that Officer Reed had reasonable suspicion to conduct field sobriety tests.

{¶17} For the purpose of judicial economy, we will address the appellant's issues out of order.

### Reasonable and Articulable Suspicion to Conduct an Investigative Stop

{¶18} The appellant argues that the trial court erred in finding that Officer Reed had reasonable and articulable suspicion to conduct an investigatory stop. We agree.

{¶19} Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.E.2d 889 (1968). Reasonable suspicion constitutes something less than probable cause. *State v. Carlson*, 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist.1995). The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph one of the syllabus. In sum, " '* * * if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable

suspicion considering all the circumstances, then the stop is constitutionally valid.' " *State v. Adams*, 5th Dist. Licking No. 15 CA 6, 2015-Ohio-3786, ¶23, quoting *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶8.

**{¶20}** In the case *sub judice*, Officer Reed testified that he was responding to a call to locate a black Dodge Charger with orange stripes in connection with a fight among juveniles. The trial court found that "[a]t some point prior to Defendant's vehicle coming to a stop, Reed observed it to be a dark gray colored Dodge Dart, but there was no testimony as to whether or not Reed made this observation before or after initiating the emergency overhead lights on his cruiser." (*State v. Tyler*, Fairfield County Municipal Court No. TRC 23 02920 (Oct. 20, 2023). "[T]he burden of persuasion is on the state to show the validity of the [warrantless] search." *City of Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889, 891 (1988). Here, the trial court places this burden on the appellant to show whether reasonable suspicion based on specific and articulable facts existed at the time of the investigatory stop. Regardless of this error in shifting the burden of persuasion, Officer Reed admits he realized his mistake of fact prior to him approaching the vehicle to perform an investigatory stop. He was not permitted to detain the appellant when he had no reason to believe the appellant was engaged in criminal activity.

**{¶21}** The State argues that this was a reasonable mistake of fact since the Dodge Dart was dark in color and had similar taillights to the Dodge Charger associated with the earlier fight. However, Officer Reed's testimony shows that the mistake of fact was resolved before any other specific and articulable facts leading to reasonable suspicion of criminal activity were known to Officer Reed. Officer Reed impermissibly detained the appellant to perform an investigative stop without reasonable suspicion of criminal activity

based on specific and articulable facts. Accordingly, we find the trial court erred in denying the appellant's Motion to Suppress.

**{¶22}** Based on our disposition of the issue above, we find that the appellant's other issues are rendered moot.

**{¶23}** Accordingly, the appellant's sole Assignment of Error is sustained.

## CONCLUSION

**{¶24}** For the foregoing reasons, the judgment of the Fairfield County Municipal Court, Ohio, is reversed and remanded to the trial court for further proceedings consistent with this opinion.

By: Baldwin, J.

Wise, John, P.J. and

King, J. concur.